## Chicago and Alton Railroad Company

*v.*

## Sylvanus McDaniels.

1. Negligence of railroad company—*failure to ring bell and sound whistle entire distance required.* The omission of a railroad company to ring a bell or sound a whistle for the whole distance required by statute at the crossing of a public highway, by its trains, being eighty rods, will subject the company to the penalty given, but this will not subject it to liability in an action for damages, unless they were caused by reason of such neglect.

2. Same—*question of fact.* Where a railroad company, on approaching a highway crossing with its engine and train, did not ring a bell or sound a whistle until within forty rods of the crossing, and plaintiff's cow, after this signal, ran off the track and down by the side of it about one hundred feet, and then ran upon the track ahead of the train and was killed: *Held*, that whether the injury was caused by the failure to ring the bell or sound the whistle the entire distance of eighty rods, before reaching the crossing, was a question of fact for the jury, and in no respect a question of law for the court to pass upon.

3. In such a case an instruction that, if the bell was not rung or the whistle not sounded at eighty rods from the crossing, and not continued until the crossing was reached, and the cow was killed by the train, to find for the plaintiff, unless defendant had shown that such omission could not have avoided the killing, and that the burden of proving such fact was upon the defendant, was held erroneous, as it instructed the jury as to the weight and sufficiency of the evidence.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

This was an action on the case brought by the appellee against the appellant to recover the value of a cow alleged to have been killed by the negligence of the appellant. The killing, and failure to ring or blow eighty rods from the crossing of the public highway where the cow stood, was not disputed on the trial, but the appellant claimed there was no connection between such failure and the killing, for the reason that the whistle was sounded about forty rods from the

crossing, when the cow ran off the track and down by the side of it about one hundred feet, and, while the whistle was sounding, ran back upon the track ahead of the train and was thus killed.

The plaintiff's third instruction, referred to in the opinion as objectionable, was as follows:

"The court instructs the jury for the plaintiff, that, by the laws of this State, it is the duty of the defendant to ring the bell or whistle the whistle of its locomotive at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and be kept ringing or whistling until such street or highway is reached; and if the jury believe, from the evidence, that on or about the 13th of September, 1869, the cow of the plaintiff strayed and got upon the track of the defendant at a highway crossing, at or near Yatesville, in Morgan county, and that while so then and there upon the track, the train of the defendant approached and failed to ring the bell or whistle the whistle of its locomotive, at least eighty rods from such crossing, and that the cow of the plaintiff was then and there killed by such train, then the jury should find a verdict for the plaintiff, and assess such damages as the testimony shows the cow to have been worth, unless the defendant has satisfied the jury by a preponderance of evidence that such failure could not have averted the injury; and that the burden of proof to establish such fact is upon the defendant."

The defendant's first instruction, which was refused, is as follows:

"The court instructs the jury that if they find, from a preponderance of the evidence, that there was no connection between the failure to ring the bell or blow the whistle and the killing of the cow, then the jury ought to find a verdict for the defendant, although the jury may believe the cow was

killed by the defendant's locomotive, and that there was a failure to ring the bell or blow the whistle from a point eighty rods from the road crossing to that point, unless the jury believe the cow was killed by some misconduct or negligence other than the failure to ring the bell or blow the whistle."

The jury found for the plaintiff below.

Mr. HENRY E. DUMMER, for the appellant.

Messrs. GOHEEN & SHINN and Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

One ground of error assigned on the record in this case, is the giving of the following instruction to the jury, to wit:

"The court instructs the jury for the plaintiff, that omission to ring a bell or sound a whistle at a road crossing is *prima facie* evidence of negligence, and if the jury believe, from the evidence, that the cow of the plaintiff strayed and got upon the track of the defendant at or near a road crossing at Yatesville, in Morgan county, and that while on said track the train of the plaintiff approached and omitted to ring the bell or whistle the whistle of the locomotive at eighty rods from said crossing, and failed to keep the bell ringing or the whistle whistling until the crossing was reached, and that the cow of plaintiff was killed by such train, then the jury will find for the plaintiff, and assess his damages at the value of said cow, as shown by the evidence, unless the defendant has shown by testimony that the failure so to ring the bell or whistle the whistle, could not have averted the killing of the cow; and the burden of proof is upon defendant to show such fact."

This instruction was erroneous, in that it instructed the jury as to the weight of evidence. The statute, after prescribing a certain penalty for the failure to ring a bell or sound a

whistle for the distance specified from the crossing of a public highway or street, provides, "and the corporation owning the railroad shall be liable to any person injured for all damages sustained by reason of such neglect." The omission to ring the bell or sound the whistle for the required distance, would render the company liable for the penalty, but would not subject it to liability in an action for damages, unless the damages complained of were sustained by reason of such neglect. *Galena and Ohio Union Railroad Co.* v. *Loomis,* 13 Ill. 548.

The plaintiff's testimony showed that the whistle was not sounded nor the bell rung for the full distance of eighty rods from the crossing, but that the whistle began to be sounded at a point only thirty or forty rods distant from the crossing; that when the whistle sounded the cow ran off the track and down by the side of it about one hundred feet, and then ran upon the track ahead of the train and was killed. The defendant introduced no testimony whatever. Whether the injury to the animal was caused by the failure to sound the whistle or ring the bell for the entire distance of eighty rods from the crossing, was a question of fact for the jury, and in no respect a question of law for the court to pass upon, and the court should not have pronounced upon the effect of the plaintiff's testimony upon the point, as it did, by virtually telling the jury, by this instruction, that the evidence in this respect was sufficient, and entitled the plaintiff to recover, unless the defendant had shown by testimony that the failure to ring the bell or sound the whistle, for the entire distance of eighty rods from the crossing, could not have caused the killing of the cow, and that the burden of proof was on the defendant to show such fact. For the same reason plaintiff's third instruction should not have been given, and the defendant's first refused instruction should have been given.

The judgment is reversed and the cause remanded.

*Judgment reversed.*