THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. ZENO W. MORGAN.

1. STEAM WHISTLE, *Not Sounded; Immaterial Negligence.* The omission to sound the whistle of an engine in accordance with the provisions of § 60, chap. 23, Comp. Laws of 1879, is negligence; but in an action to recover damages for stock injured on the crossing of a highway over the railroad track, if it appears by facts and circumstances proved that the injuries complained of were not caused by or attributed to such omission or neglect, the negligence is immaterial, and creates no liability against the railroad company for a recovery for damages to the stock upon the track.

2. COMPARATIVE NEGLIGENCE; *Erroneous Instruction.* An instruction to the jury that "if there was negligence on the part of both parties, and they find that the negligence of the plaintiff was only slight compared with that of the defendant, their verdict must be for the plaintiff," is erroneous.

*Error from Chase District Court.*

ACTION brought by *Zeno W. Morgan* against *The Atchison, Topeka & Santa Fé Railroad Company,* to recover damages

for the killing of two steers and the injury of a third at a public crossing, through the culpable negligence and mismanagement of the employés of the railroad company. Trial at the May Term, 1883. The jury returned a verdict for the plaintiff, and assessed his damages at $74.16. They also made the following findings of fact:

"1. If the engineer had blown the whistle or rung the bell at a point eighty rods east of the crossing, when the cattle in controversy were killed or injured, would the blowing of such whistle or the ringing of the bell have stopped the cattle that were killed or injured, from getting upon the railroad track at the crossing when they were struck by the engine at the time when they were struck? A. No.

"2. Did not the engineer of the train which struck the animals in controversy, do all that he could do from the time he saw the cattle first until the engine struck them, to prevent the engine from striking them? A. We think not.

"3. If the jury answer the last question in the negative, they may then state what the engineer could have done after he first saw the cattle, to prevent striking them with the engine; state fully. A. If the engineer saw the cattle, as he testified, when his engine was thirty rods east of the crossing, the cattle being fifteen rods north of the crossing and one-half of the cattle having time to cross the track, with his train running at the rate of from seventeen to twenty miles per hour, he could have slowed his train sufficiently to allow all the cattle to cross the track in front of the engine.

"4. If after the engineer of the train which struck the cattle first saw these cattle he had slowed the train, would that have prevented the cattle from getting on the track and being struck? A. According to his own testimony, if he slowed his train a very little, the cattle could have crossed the track ahead of the engine.

"5. After the engineer of the train which struck the cattle first saw the cattle, could he have stopped his train so that it would not have reached the crossing? A. Not if he was as close as he testified he was.

"6. State fully what negligence the defendant or any of its employés were guilty of, which resulted in the killing and injuring of the cattle in controversy. A. 1. The defendant was guilty of negligence by not having a whistling-post up, as required by law., 2. Its employés were guilty of negligence

for not blowing the whistle when within eighty rods of a crossing, as required by law."

Judgment having been entered for the plaintiff, *The Company* brings the case here.

*Geo. R. Peck, C. N. Sterry,* and *Robert Dunlap,* for plaintiff in error.

*Madden Bros.,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended on the part of the railroad company, that judgment should have been rendered in its favor upon the special findings of the jury. This is not so. The findings are contradictory and conflicting. It is evident from the special findings, that the jury founded their verdict upon a misconception of the law applicable to the case; thus, they found that if the engineer had blown the whistle or rung the bell at a point eighty rods east of the crossing where the cattle were injured and killed, neither such blowing of the whistle nor the ringing of the bell would have stopped the cattle from going upon the railroad track at the crossing; yet they found that the only negligence of which the defendant or any of its employés was guilty, was in not having up a whistling-post, and in not sounding the whistle attached to the engine three times, at least eighty rods from the place where the railroad crossed the highway. The statute does not require a railroad company to put up whistling-posts. The omission to sound the whistle of an engine in accordance with the provisions of § 60, page 226, Comp. Laws of 1879, is negligence. (*Railroad Co. v. Rice,* 10 Kas. 426; *Railroad Co. v. Phillipi,* 20 id. 12; *Railroad Co. v. Wilson,* 28 id. 639.) Although this is so, a railroad company is not liable for damages unless the injury complained of is attributable to or caused by such omission. The words of the statute are, "and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect." (*Railroad Co. v. McDaniel,* 63 Ill. 122; *Railroad Co. v. Blackburn,*

63 id. 167; *Stoneman v. Railroad Co.*, 58 Mo. 503; *Holman v. Railroad Co.*, 62 id. 562; *Karle v. Railroad Co.*, 55 id. 483.) The finding of the jury shows that the injuries to the stock were not caused by the neglect to sound the whistle.

Among the instructions to the jury complained of, is the following:

"If you should find that the negligence of the plaintiff or his agents or servants was the immediate cause of the injuries complained of, and that of the defendant only the remote cause, you will find for the defendant; but if you should find that the negligence of the plaintiff was only slight compared with that of the defendant, if there was negligence on the part of both, your verdict should be for the plaintiff."

This instruction adopts the doctrine of comparative negligence, and is therefore erroneous. Under this instruction, if the plaintiff and the railroad company were both guilty of negligence contributing to injuring and killing the stock, the plaintiff would be entitled to recover damages if his negligence was less than that of the company. The law has not been thus announced by this court. We do not indorse the doctrine of comparative negligence. The rule is properly laid down in *Sawyer v. Sauer*, 10 Kas. 466. If the trial court had instructed the jury that if the negligence of the plaintiff was only slight, or the remote cause of the injury, he might still recover, notwithstanding such slight or remote cause, the instruction would be within the rule; but when the jury were instructed to compare the negligence of the plaintiff with that of the defendant, the direction passed beyond the authoritative line, and became misdirection. This court has recognized degrees of negligence in many cases, but has never sanctioned any instruction permitting a jury to simply compare the negligence of the parties. (*Railway Co. v. Peavey*, 29 Kas. 169; *Railway Co. v. Young*, 19 id. 488; *Railway Co. v. Pointer*, 14 id. 37; *Sawyer v. Sauer*, supra.) It is possible that the trial court did not intend to instruct the jury to compare the negligence of the plaintiff and that of the railroad company, but the direction bears this interpretation.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.