## The Kansas City, Fort Scott & Gulf Railroad Company v. John Hay.

1. INAPPLICABLE INSTRUCTIONS; *No Reversal, When.* Doubtless instructions should be applicable to the questions presented by the testimony, in order that the jury may be assisted to a correct determination, and if inapplicable, may sometimes, although in themselves correct statements of law, furnish sufficient reason for setting aside the verdict; but this will be done only when there is reason to believe that the jury were misled, or their attention diverted from the real issues. Inapplicability is not of itself alone a sufficient ground of reversal.

2. INSTRUCTIONS, *Partly Inapplicable; Jury Not Misled.* In an action under ch. 94, Laws of 1874, against a railroad company to recover for stock killed, in which it was claimed that the fence over which the stock passed upon the railroad track was defective and insufficient, the court quoted in its instructions §§ 2561, 2562 and 2563, Comp. Laws 1879. *Held,* That although some parts of those sections may not have been applicable to a fence of the kind and materials disclosed by the testimony, there can be no reason to believe that the jury were misled in the least thereby.

### Error from Miami District Court.

ACTION by *Hay* against the *Railroad Company*, to recover the value of a span of horses killed by a passing train on the

12 — 31 KAS.

defendant company's track.   Trial at the May Term, 1883,
and judgment for $155 damages, $35 attorney-fee, and $48.85
costs.   The defendant brings the case here.   The opinion
states the facts.

*Blair & Perry*, for plaintiff in error.

*H. H. Patten*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action under chap. 94, Laws
1874, to recover of the railroad company the value of a span
of horses killed on the track by a passing train.   The testi-
mony left a question whether the animals went upon the track
by jumping over a sufficient cattle-guard, or entering through
a broken and defective panel of fence.   The jury found the
latter, and we think upon the testimony the finding was cor-
rect.   No special complaint is made of this finding, but it is
insisted that the court erred in its instructions, for two reasons:
First, it is claimed that there is conflict between those given at
the instance of the plaintiff, and those given at the request of
the defendant.   We think not.   The court in one told the
jury that, if the animals jumped a sufficient cattle-guard and
thus got upon the track, the condition of the fence was im-
material and the company not liable.   This was upon the
theory advanced by the defendant; and in it is no conflict
with an instruction as to what constitutes a sufficient fence,
which was applicable only to the plaintiff's theory.   The
other objection is, that the court gave certain abstract propo-
sitions of law which misled, or might have misled the jury.
The facts in reference to this are, that the court in its first
and second instructions given at the instance of the plaintiff,
quoted literally §§4915 and 4919, Comp. Laws of 1879, the
two sections which prescribe the liability of the railroad com-
pany for stock killed in case its track is not fenced; and in
its third instruction given at like instance, quoted §§ 2561,
2562, 2563, sections which define the requisites of legal fences.

Now so far as the first two instructions are concerned, they state what of course is the law, and there is nothing in them of any moment which was not applicable to the case at bar. They simply contain the legislative declaration that a railroad company whose track is not fenced with a good and sufficient fence is responsible for cattle killed on its track. So far as the third instruction is concerned, part of the sections quoted refers to fences of a different kind from that disclosed by the testimony. Of course as to such portion of the sections the instruction was inapplicable. But while it is sometimes true that, when instructions correct as abstract propositions, but inapplicable to the case on trial, are given, the verdict cannot be permitted to stand, yet this rule obtains only when there is reason to believe that the jury were misled, or their attention diverted from the real issues by such inapplicable instructions. The mere fact that an instruction is inapplicable does not compel a reversal. If it appears that the matter contained therein is of such a nature that in no manner could it affect the jury prejudicial to the rights of the party complaining, the judgment will not be reversed. (*Burton v. Boyd*, 7 Kas. 17; *Hentig v. Kansas Loan & Trust Co.*, 28 id. 617; *Edwards Bros. v. Porter*, 28 id. 700; *Tallman v. Jones*, 13 id. 438.)

These being the only matters complained of, and in them appearing no error, the judgment will be affirmed.

.All the Justices concurring.