THE MISSOURI PACIFIC RAILWAY COMPANY v. W. J. PIERCE.

1. LOCOMOTIVE WHISTLE, *Failure to Sound, When not Negligence.* The failure of a railroad company to sound the locomotive whistle three times, at least eighty rods from the point where the railroad crosses any public road or street which lies outside of a city or village, is negligence; but such negligence is not attributable to the railway company in a case where the injury complained of was done at a street-crossing within the limits of a city.

2. INAPPLICABLE INSTRUCTIONS; *Verdict Set Aside.* Where inapplicable instructions are given which may have misled the jury to the prejudice of the party complaining, the verdict cannot be permitted to stand. (*Savings Association v. Hunt,* 17 Kas. 532; *Raper v. Blair,* 24 id. 374; *Railroad Co. v. Hay,* 31 id. 177.)

*Error from Miami District Court.*

ACTION by *Pierce* against *The Railway Company,* to recover damages for the negligent killing of his cow. Trial at the February Term, 1884, and judgment for plaintiff for $50 damages, and costs. The defendant company brings the case to this court. The opinion states the facts.

*W. A. Johnson,* for plaintiff in error.

*Brayman & Sheldon,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by W. J. Pierce against the railroad company, to recover damages for the negligent killing of a cow owned by him. It was alleged by the

plaintiff that on the 22d day of May, 1882, in the city of Paola, Miami county, Kansas, the defendant with its engine and cars carelessly and negligently ran against and killed the animal, and that it was not done through any carelessness or neglect on the part of the plaintiff. The railway company denied all allegations of carelessness or negligence on the part of its employés, and claimed that the plaintiff was guilty of contributory negligence, and was not entitled to recover. A trial was had before the court and a jury, and the verdict and judgment were given against the defendant railway company. It brings the case here, alleging error of the court in its instructions to the jury, and in overruling the motion for a new trial.

It appears that on May 22, 1882, several cows belonging to plaintiff were being driven by his son along Locust street, in the city of Paola, to a pasture on the other side of the defendant's railroad track, and that one of the cows was struck and killed by a passing freight train at the point where the railroad intersects Locust street, and within the limits of the city. Some distance east of Locust street, and at the eastern limits of the city, there is a public highway; the train which killed the cow was approaching from the east, and considerable testimony was offered by the plaintiff tending to show that the persons in charge of the train had failed to sound the whistle attached to the locomotive, at least eighty rods before reaching the eastern boundary of the city. Among the instructions the court gave to the jury are the following:

"7. The law of this state requires every railroad company to attach a steam whistle to each locomotive engine, which is to be sounded three times, at least eighty rods from the place where the railroad shall cross any public road or street. In this case, it is alleged that the injury complained of is within the limits of Paola, a city of the second class; and if this be true as alleged, the whistle should be blown three times, at least eighty rods before crossing the highway on the outside of the city limits.

"8. The jury are instructed that the neglect to sound the whistle three times of an engine, as mentioned in said statute, while it is negligence, yet it is not of itself such negligence as

will justify a recovery for damages to persons or property injured on the track. To entitle the plaintiff to recover for such injury, it must appear from the evidence that the injury was the result of such omission to sound the whistle; it is not enough to create a liability for injuries caused by a railroad train, to prove that the whistle was not sounded three times. The jury are required to further find and believe from the evidence, that the injury complained of was caused by reason of such neglect. Whether the failure to sound the whistle on approaching the highway by the train in question was or was not the cause of the injury complained of, is a question of fact, to be determined by the jury on consideration of all the evidence.

" 9. The jury are instructed that, in a suit against a railroad company for injuries inflicted at a highway-crossing, if it appear from the evidence that no whistle sounded three times within the distance of eighty rods, as hereinbefore explained, before reaching the crossing, and if it appear from the evidence the company was guilty of other negligence which may have caused the injury, and it is doubtful whether the injury was caused by not blowing the whistle or by such other negligence or by both combined, then the company will be liable for the injury; provided, the jury believe from the evidence that the injury resulted from either or both of said causes, and that the plaintiff was free from fault or negligence, as explained in these instructions. Although the jury may believe from the evidence that the cow in question was killed by the defendant's locomotive, and that there was a failure to sound the whistle eighty rods before reaching the city limits at the crossing, and if the jury believe from the evidence that there was no connection between the failure to blow the whistle and the injury to the cow, then the jury should find for the defendant, unless the jury further find from the evidence that the injury to and death of the cow was the direct result of negligence or misconduct of defendant other than the failure to sound the whistle."

These instructions indicate that the case was tried by the court upon the theory that the statute imposing upon railway companies the duty of sounding the locomotive whistle at least eighty rods from the place where the railroad crosses the public road or street, is applicable to any injury or damage done at the crossing of streets within the limits of a city. The

statute, or so much of it as is necessary to be quoted here, is as follows:

"A steam whistle shall be attached to each locomotive engine, and be sounded three times, at least eighty rods from the place where the railroad shall cross any public road or street, except in cities and villages." (Comp. Laws 1879, ch. 23, § 60.)

It will be observed that cities and villages are specially excepted from the provisions of this statute. If the collision had occurred at the crossing of a highway on the outside of a city, these instructions would have been proper and applicable, but as it occurred inside of the city, they were clearly improper and misleading. It has frequently been ruled by this court that the failure to sound the whistle of the locomotive in accordance with this requirement is negligence. (*Railroad Co. v. Rice*, 10 Kas. 426; *Railroad Co. v. Phillipi*, 20 id. 12; *Railroad Co. v. Wilson*, 28 id. 639;) but that a railroad company is not liable for damages by reason of the failure to sound the whistle, (if it was not otherwise negligent,) unless the injury complained of is attributable to or caused by such failure. (*Railroad Co. v. Morgan*, 31 Kas. 77.) Nor do we think that the failure of the company to observe a statutory rule applicable only outside of cities can be attributed to it as negligence in the case of an injury done at a place where the rule is not operative or applicable, as within the limits of a city.

The purpose of the legislature in requiring this warning to be given before reaching a highway, is manifestly to afford protection to persons or property that may be upon, or passing over such highway, and therefore the omission of the company to comply with this statutory requirement cannot be held to be negligence as to any injury done except at the crossing of the particular highway for which the whistle is required to be sounded. The company owed no duty under this statute to parties crossing Locust street, within the limits of Paola, which is a city of the second class. Greater care and caution is necessary, and should be exercised, by railroad companies in the running of their trains within the limits of cities, and usually ordinances are enacted by city councils regulating the

speed of trains passing through the city, as well as prescribing different and stricter rules in the matter of signals and warnings than are required to be given by the statute under consideration at crossings outside of cities. In this case it was doubtless the duty of the trainmen to keep a look-out for the crossings, and to exercise diligence and care to avoid collision or accident at the crossing of Locust street, but this duty did not arise from the statute in question.

The instructions of the court, therefore, which brought this statute so prominently before the jury, and directed them to be governed by its provisions in determining whether the company had been guilty of negligence in the collision which occurred inside of the city limits, were inapplicable and misleading; and when inapplicable instructions are given which may have misled the jury to the prejudice of the party complaining, the verdict cannot be permitted to stand. (*Savings Association v. Hunt*, 17 Kas. 532; *Raper v. Blair*, 24 id. 374; *Railroad Co. v. Hay*, 31 Kas. 177.)

The evidence in the case was conflicting, and while there is considerable testimony in the record which tends to show negligence on the part of the employés who were in charge of the train, there was also positive testimony to the contrary, offered in behalf of the defendant. We cannot say that the jury were not controlled in their verdict by the erroneous instructions.

The other exceptions we think are not well taken, and require no discussion.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.