Reinhakd, J.
Zimmerman sued Jacob Baur, Charles Baur, Herman Moench,George Moench, Charles Moench, Bertha Moench, Lilly Moench and Andrew Farnham for damages for an injury to a team of horses sustained from the alleged negligence of said parties in connection with *608 the construction of a sewer in the city of Terre Haute. The complaint is in three paragraphs. It appears from the averments in the first paragraph of the complaint, that Jacob and Charles Baur were the owners and managers of a stable for feeding and keeping horses on the south end of lot 54, in Rose’s addition to the city of Terre Haute, and had contracted with Zimmerman to keep his buggy and “a match team of fine blooded horses, trained and noted for their gait and speed as trotters and travelers,” each of which was of the value of $1,500, at said stable, and to feed the said horses therein, and allow him, at reasonable hours, .to drive them into and out of said stable at the south door thereof, at the rate of $50 per month; that in order to go into and out of said stable to Seventh street, in said city, and westward of said stable, it was necessary for Zimmerman, the appellant, to pass in and out of the door on the south side of said stable to, over, and along an alley in said city running east and west and along the south side of said stable to Seventh street, said alley being a public alley of and in said city; that the appellees Moench were 'also the owners of' a lot located seventy-five rods west of said stable, the south end of which fronts on said alley; that all of said parties (the defendants below ), being desirous of letting ánd obtaining the building and construction of a sewer from the south end of the Moench lot eastward and through said alley to and in front of the said stable, did then and there dig said sewer to a depth of four feet and a width of two feet along the whole of said distance; that in the digging and constructing of said sewer, they negligently and carelessly dug and constructed the same in front of and near to the said stable, so that the same was left insecurely filled and packed, but apparently safe, secure and filled, *609 as it appeared on the surface of the ground and earth. Then follow allegations that appellant drove his horses out of the stable and along the public alley, and that while so driving them, one of the horses stepped into the excavation so left insecurely filled and packed as aforesaid, whereby said horse was permanently injured,to the appellant’s damage. It is also averred that the appellant was without fault.
The second paragraph is the same as the first, except that instead of charging the defendants with negligently digging the sewer so that it was left insecurely packed and filled, but apparently safe, it is charged “that in.the digging, construction and making' of said sewer the defendants, without the permission of the city of Terre Haute, wrongfully and unlawfully constructed and dug the same in and through said alley in front of and near to the said stable, so that the same was left insecurely filled and packed, but apparently safe and secure, as the same appeared on the surface of the ground and earth.”
The third paragraph is the same as the first, except as to the charge of negligence, which is as follows:
“That on the 21st day of September, 1880, the common council of the city of Terre Haute passed and adopted an ordinance in relation to the public sewers of the said city; that said ordinance ever since has been and is now in full force and effect; that section four of said ordinance is in the words and figures as follows, to wit:
“ ‘Right to drain. (Sec. 4.) Any person having the right to tap any public sewer, who shall, by means of pipes or other communication, drain the cellar or vaults •situated upon the property adjacent to their own, shall, upon conviction thereof before the mayor, be fined in •any sum not exceeding $100, and upon a second con *610 viction. for the same offense, shall be debarred from the further right to drain into said sewer.’
"That on the 17th day of August, 1889, the defendants, the said Baurs, having the right to tap a public sewer of said city, did so tap a public sewer of said city, and did connect therewith and drain and run therein a private sewer, of which the defendants, the Baurs, were the owners and controllers, and forthe purpose of draining the cellar and vaults upon their property of their co-defendants, the said Moenchs, said property being adjacent to the said property of said defendants Baurs, all of said defendants, without the permission of the city of Terre Haute, wrongfully and unlawfully, and for the wrongful and unlawful purpose of draining the cellar and vaults of the defendants Moench, as aforesaid, did, on the-day of-, 1889, construct and dig, and allowed, permitted, and advised the construction of a pipe sewer from the south end of said lot so owned by the defendants Moench, eastward and along said alley to and. in front of said stable.”
The action was subsequently dismissed as to FarnhamThe other defendants answered in three paragraphs, the first of which was the general denial.
The second paragraph of the answer was by all the remaining defendants, and is as follows:
"Defendants, for further answer and cause of defense to each paragraph of plaintiff’s complaint, say that the said defendants Moenchs contracted with one Andrew M. Farnham, a careful, experienced and competent builder of sewers, to dig the trench and build the said sewer, and to do all necessary work in tapping the sewer mentioned in the complaint, and to furnish all the necessary materials and labor in constructing said sewer for said Moenchs; that defendants Moenchs agreed to pay the defendant Farnham therefor the sum of sixty dollars; that *611 the said Farnham did furnish the materials and labor for the construction of said sewer for said Moenchs, and personally superintended the building thereof; that neither of these defendants had any control of the building of said sewer, either in person or by agent, but that the said sewer so built by said Farnham was delivered to the said Moenchs completed for said sum of sixty dollars, and defendants say that the alleged injury to plaintiff’s horse was caused by the negligence of the said Farnham or the men employed by him. Wherefore,” etc.
The third paragraph is the separate answer of Jacob Baur and Charles Baur, and is as follows: “The defendants, Jacob and Charles Baur, for their third and separate answer herein to each paragraph of complaint, say that at the time alleged in the complaint the said Baurs, with several other persons, were the owners of a private sewer in the city of Terre Haute, which said private sewer ran through the alley in the rear of lot 54, in Rose’s addition to the city of Terre Haute; that their co-defendants, Herman, George, Charles, Bertha and Lilly Moench, being desirous of building a private sewer for their own exclusive benefit, and being desirous of having a convenient outlet for said sewer, and being desirous of tapping the said sewer of the said Baurs and others, paid to the said owners of said sewer, including said defendants Baur, the sum of $35, in consideration of which the said Baurs and the other owners of said sewer orally granted to the said Moenchs the right and privilege of tapping said sewer at a point in said alley in the rear of said lot 54, and at a point on. said lot so owned by said defendants Baur; that further than this the said defendants Baur had nothing whatever to do with the sewer built by the said Moenchs or with the tapping of said sewer owned by said Baurs and others, or with the alleged negligent conduct set forth in the complaint.”
*612 Then follow allegations substantially the same as thos.e of the second, paragraph of answer, that the Moenchs employed Farnham, who was an independent contractor, and had the sole supervision of the building of said sewer.
A several demurrer was filed to the second and third paragraphs of the answer, and overruled. The appellant having refused to plead further, judgment was rendered in favor of the appellees, and the only errors relied upon relate to the ruling of the court upon the demurrer to the answer.
It appears that each paragraph of the affirmative answers is addressed to each paragraph of the complaint. It is insisted by appellant’s counsel that the third paragraph of the complaint is clearly bad, and hence that so far as the answers attempt to meet this paragraph they must be held sufficient under the. rule that a bad paragraph of answer is good enough when addressed to a bad paragraph of a complaint. Ice v. Ball, 102 Ind. 42.
It is further insisted by appellant’s counsel that the gist of the negligence charged in the third paragraph of the complaint is the construction of the sewer in violation of a city ordinance, and that the appellant has failed to show by this pleading that by such violation the appellees were guilty of a breach of duty which they owed to the appellant. Without deciding whether the violation of the city ordinance constitutes the gravamen of the charge of negligence contained in the third paragraph of complaint, or whether the pleading could be upheld upon the other averments of negligence therein charged, it is sufficient for our purpose to state that the entire complaint contains three specifications of negligence, viz.:
1. Negligently leaving the sewer excavation insecurely packed and filled.
*613 2. Negligently constructing the sewer without the permission of the city.
3. Negligently constructing the sewer in violation of the city ordinance.
In order to determine whether it is necessary for the answer to meet the last specification of negligence, in order to render such answer sufficient upon demurrer, it will be proper to ascertain whether such last specification of negligence is itself sufficient to make a cause of action against the appellees and in favor of the appellant.
A party is, as a general rule, entitled to recover damages for an injury resulting from the negligence of another only when it appears tliat the person complained of has done or omitted to do some act or acts in violation of some duty owing from him to the complaining party. Hamilton v. Feary, 8 Ind. App. 615; Howe v. Ohmart, 7 Ind. App. 32.
It is not sufficient that the defendant in an action of negligence was guilty of a breach of legal duty to somebody or anybody; it must be made to appear that the duty which the defendant failed to perform was one legally owing by the defendant to the plaintiff, although of course the plaintiff may be only one of a large number of persons to whom the same duty is owing. This duty may arise by implication of law, or it maybe one directly created by statute. Among the duties designated as statutory are included those created by ordinances of cities and towns, as, for example, where an ordinance prohibits the suspension of sign-boards over the streets or sidewalks, and an injury is caused by the violation of such ordinance, the defendant will be liable in damages, though he used due care in constructing and fastening the sign. Salisbury v. Herchenroder, 106 Mass. 458, 8 Am. Rep. 358.
Ordinances regulating the speed of trains and the *614 sounding of whistles and ringing of bells on locomotives running in cities and towns or other localities, furnish, perhaps, the most numerous examples of special duties created by statutes, the breach of which entitles the party injured thereby to damages.
In determining whether or not a right of action exists in one who has sustained an injury from the violation of an ordinance, the purpose or object of the enactment must not be lost sight of, as here the question of what may be considered in law as the proximate cause of the injury forms an important element.
The third paragraph of the complaint, and the ordinance set forth therein, plainly contemplate or presuppose that the appellees, as owners of the property abutting on the alley in question, had the right to tap a public sewer in the city of Terre Haute, and this necessarily included the right to make the necessary excavation through the alley and connection with such public sewer by means of a private sewer. Indeed the pleading under consideration states in express terms that the defendants Baur, having the right to do so, “did so tap a public sewer of said city, and did connect therewith, and drain and run therein a private sewer, of which the defendants Baur were the owners and controllers.” It is not averred that this private sewer was itself constructed by the Baurs for the unlawful purpose of draining the cellar and vaults of the appellees Moench, and the presumption must therefore be conclusive that it was constructed for a lawful purpose. The clear implication is, from the averments following the above, that the several defendants, with the special permission and consent of the Baurs, tapped the private sewer of the latter, by means of a pipe sewer, so as to drain the cellar and vaults of the Moenchs into the private sewer of the Baurs, without the permission of the city. It is not shown whether the *615 Baur sewer was in existence when the Moench trench was dug, or whether both of these private drains were being constructed simultaneously. Assuming, however, that the Moench ditch, which is characterized as the unlawful one, was the one which occasioned the injury to the appellant’s horse, the question recurs whether the act alleged to have been committed by the several defendants, and which was forbidden by the ordinance, ■created a right of action in the appellant for damages.
It was manifestly the intention of the city, in enacting this ordinance, to prohibit the use, direct or indirect, of any public sewer by persons who had not paid their share of the burden of its maintenance and operation, and, perhaps, also, to prevent the overloading of both the public and private sewers and the consequent danger that might result to the property of citizens from an overflow of sewerage. These were the only mischiefs sought to be prevented, and if the appellant can recover, it must be because he was injured through the negligent or unlawful act of the appellees, or some of them, in draining a cellar and vault situated upon some lot adjacent to their own. In other words, if the appellees, or any of them, owed the appellant a duty under the ordinance, it was the duty of not draining a cellar or vault located on property adjacent to their own, and, as the appellant does not claim to own any property which was injured by such alleged unlawful drainage, it is not easy to see how he could have been injured by the act constituting the violation of the ordinance relied upon.
The only manner in which we can conceive any injury to have been sustained as the proximate result of a violation of the ordinance is from an overflow of water or other drainage unlawfully conducted into or over the private sewer of the Baurs, but it is not claimed that appellant sustained any injury of that character. *616 But to say that the ordinance was intended to protect the appellant and others who might have occasion to use the alley as a driveway, against such an accident as befell his horse, would he, to our minds, a far-fetched and unwarranted- construction.
In Williams v. Chicago, etc., R. W. Co. (Ill.), 26 N. E. Rep. 661, the action was for injury resulting from the alleged negligence in sounding the whistle or ringing the bell, as required by statute, alleged to have been sustained by a farmer who was plowing in a field near the crossing where the whistle was required to be sounded and the bell rung. It was held that the action would not lie. The court said: “In order to justify a recovery, it is not sufficient to show that the defendant has neglected some duty or .obligation existing at common law or imposed by statute, but that the defendant has neglected a duty or obligation which it owes to him who claims damages for the neglect.”
And again, it was said: “It is manifest that the plaintiff in the present case did not belong to the class for whose benefit the railroad companies are required to give the signal. Unquestionably, the defendant neglected no duty which it owed to the plaintiff, under the-circumstances set up in the declaration. Plaintiff was not traveling upon the highway, either at the crossing or before reaching the crossing.* He was not even upon a highway running parallel with the track. He was plowing on the farm near the railroad right of way.”
The Supreme Court of Kansas made similar holdings in cases where one traveling upon another road or street than that where the engine was to cross claimed to have suffered injury by reason of the failure of the railroad company to sound the whistle of its running engine, as it was required to do by statute. Clark v. Missouri Pac. *617 R. W. Co. (Kan.), 11 Pac. Rep. 134; Missouri Pac. R. W. Co. v. Pierce, 33 Kan. 61.
In the latter case, the court used this language: “The purpose of the Legislature in requiring this warning to be given before reaching a highway, is manifestly to afford protection to persons or property that may be upon, or passing over such highway and therefore the omission of the company to comply with this statutory requirement can not be held to be negligence as to any injury done except at the crossing of the particular highway for which the whistle is required to be sounded. The company owed no duty under this statute to parties crossing Locust street, within the limits of Paola, which is a city of the second class.”
To the same effect, see Byrne v. New York, etc., R. R. Co., 94 N. Y. 12.
It has also been held that where an ordinance is adopted which is a mere police regulation, such as requires the owner of a lot to remove snow and ice from the sidewalk in front of such lot, within a certain time after accumulation, one who falls on account of the bad condition of such sidewalk, owing to the accumulation of snow and ice and the failure to remove the same as required, can not recover damages from the owner of the lot. Moore v. Gadsden, 93 N. Y. 12; City of Rochester v. Campbell (N. Y.), 25 N. E. Rep. 937.
Whether the doctrine enunciated in the cases last cited would be adhered to in its full extent by the courts of this State, we need not determine, as we have here no such case presented. We think it clear beyond controversy that under the provisions of the section of the ordinance relied upon the appellant had no right of action, and that consequently no harm could have resulted from any ruling upon a demurrer addressed to or intended to meet this alleged negligence.
*618 Nor do we think it was necessary, under the averments of the answers, when considered in connection with those in the several paragraphs of the complaint, that any permission from the city should be obtained to entitle the appellees to make the excavation required to connect with the public sewer. There is nothing averred in the complaint, aside from the ordinance set out in the third paragraph, which shows that the appellees, or any of them, were prohibited by ordinance or otherwise from making such connection. An abutting owner does not surrender all his right and interest in the soil of a street or alley by its dedication to the public. He is still the owner of the fee simple to the center of such street or alley, subject only to the easement of the public. The owner of the servient estate has a right to the temporary use of such street or alley for many purposes. Thus, among other things he may do upon such street or alley is the laying of pipes for gas and water, and he may excavate and use the soil for this and many other purposes, if it does not interfere with the free use or passage over it by the public. Halsey v. Rapid Transit St. R. W. Co., 20 Atl. Rep. 859; Dillon Munic. Corp. (4th ed.), section 656, a.
In none of these instances is he required to obtain the consent of the municipality unless the same be required by some ordinance, and if so this fact must be made to appear by the party upon whom rests the burden of proof. Of course such owner is in no case permitted to erect and maintain a nuisance or do anything which permanently obstructs travel upon any highway, and he is also required, when reasonably necessary, to place safeguards or warning signals near or around any excavation or temporary obstruction which he may lawfully have placed in the highway. But for the purpose of making the sewer connection, he was not required to have *619 tlie consent of the city, as he still retains his common-law interest in the soil. Elliott Roads and Streets, p. 524 and p. 521, n. 3; Lahr v. Metropolitan, etc. R. W. Co., 104 N. Y. 268; Town of Rensselaer v. Leopold, 106 Ind. 29; Fisher v. Thirkell, 21 Mich. 1; Clark v. Fry, 8 Ohio St. 358.
The remaining question is whether the averments in the first and second paragraphs of the answer, showing that the negligence, if any, was that of an independent contractor, are sufficient as a defense to the cause of action declared upon. It is sufficiently apparent from these answers, we think, that the excavation and construction of the private sewer in the alley was not unlawful in itself.
The second paragraph of the answer shows that the appellees Moench contracted with Farnham, who, it is alleged, was a careful, experienced and competent builder of sewers, to do the entire work, and that he took charge of the same, and appellees had nothing to do with it. This was a sufficient answer to all the good averments of the several paragraphs of the complaint. Ryan v. Curran, 64 Ind. 345.
“It seems to be settled law that where one person lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be performed, except that it shall conform to a particular standard when completed, he is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let.” Vincennes Water Supply Co. v. White, 124 Ind. 376 (379).
The same rule was declared substantially in New Albany, etc., Mill v. Cooper, 131 Ind. 363.
The third paragraph of the answer, as we have seen, is the separate answer of the appellees Baur, and shows that theyjsimply granted the appellees Moench the right *620 to tap their private sewer, and that the latter employed Farnham to do the work, as alleged in the second paragraph. There being no right of action in the appellant for the alleged violation of the ordinance, and the com sent of the city not being necessary in order to make said connection, and the excavation and work not being intrinsically dangerous, or a nuisance, the averments of this paragraph, that the appellees Baur had no connection with the work, except the granting of such license to the Moenchs, there was no such relation between Farnham, the contractor, and the said Baurs as made the rule respondeat superior applicable. We are, therefore, of opinion that each paragraph of the affirmative answers stated a valid defense to that portion of the appellant’s cause of action which was well pleaded in any or all the paragraphs of his complaint.
Filed Dec. 19, 1894.
Judgment affirmed.
Gavin, J., was absent.