No. 22,910.

ANNIE VIDICH, *Appellee*, v. THE OCCIDENTAL MUTUAL BENEFIT ASSOCIATION, *Appellant*.

### SYLLABUS BY THE COURT.

1. BENEFIT INSURANCE—*Issues of Fact—When Not Disturbed on Appeal.* Rule followed that a verdict and judgment on an issue of fact cannot be disturbed on appeal, when there is substantial evidence to support the judgment, although there is strong, persuasive evidence to the contrary.

2. SAME—*Findings of Fact—Duty of Trial Court.* Such a case as above calls for the vigorous exercise of the trial court's prerogative to set aside a verdict supported chiefly by interested and distrustful evidence, but the record shows no remission of the trial court's duty in this respect.

3. SAME—*Trial—Instructions*. The giving of irrelevant instructions does not constitute reversible error unless it appears that such instructions may have misled the jury or unless prejudice to the rights of appellant occurred thereby.

4. SAME—The instructions given and refused examined and no error discerned therein.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed March 12, 1921. Affirmed.

*E. H. Brady, Arthur J. Mellott,* both of Kansas City, *LaRue Royce, C. W. Burch* and *B. I. Litowich,* all of Salina, for the appellant.

*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action arose over a policy of fraternal insurance issued by defendant to one Katie Zebok and in which the plaintiff was named as beneficiary.

It appears that in 1915 the defendant, which is a fraternal insurance association having its headquarters in Salina, had a subordinate lodge or local chapter in Kansas City, Kan., and Katie Zebok was a member, designated a "companion," of that chapter. A policy of fraternal insurance was issued to her, subject to the by-laws of the association and conditioned that Katie should pay the regular monthly assessments, and among other stipulations, it was provided:

"IMPORTANT.

"This Companion is especially admonished to look well to his monthly payments, as failure to pay on or before the first day of the month will render this Certificate absolutely void, . . ."

Elsewhere it was stipulated:

"4. If the monthly payments due on any certificate are not paid to the local secretary on or before the first day of the month, then such certificate shall become null and void, and continue so until the payment is made, and the requirements of the constitution and by-laws of this Association have been complied with, in which event it shall become restored. Monthly payment number one of each year shall be due on or before the first day of January, number two on or before the first day of February, and in like manner on or before the first day of each month."

Plaintiff's petition alleged that on January 13, 1917, while the insured, Katie Zebok, was still a member in good standing she died; that proof of death was duly furnished; and that payment of the insurance was demanded, but that defendant had failed and refused to pay.

The defendant's answer admitted that the deceased became a member of the association in 1915, admitted the issuance of its policy of insurance to her, admitted the death of Katie in January, 1917, but set up its by-laws which were a part of its insurance contract, and alleged that she had been in default in the payment of her monthly assessments since February 1, 1916:

"Defendant . . . avers that when the payment on said certificate, to wit: the sum of $2.90 for the 1st day of February, 1916, became due and payable, the said Kate Zebok failed and neglected to pay the same, and the said sum was never paid by her, nor by the plaintiff, nor by anyone else for them. Defendant says that by reason of said failure to make the payment aforesaid, the said certificate became null and void and that the defendant never became liable nor was it liable at the time of the death of the said Kate Zebok to the plaintiff or any other person in any sum whatsoever, and that the said Kate Zebok did not comply with the requirements of the constitution and by-laws of this defendant association and that she was never restored to membership in this defendant association."

On this issue the cause was tried to a jury. Plaintiff produced a receipt book in which notations had been made by Agnes White, the secretary of defendant's local lodge in Kansas City, showing that all monthly payments had been duly made by Katie Zebok or in her behalf; and plaintiff testified that during the last year of Katie's lifetime she, plaintiff herself, had sometimes made those monthly payments. The evidence also showed that Agnes White had reported Katie's death to defendant in the usual manner—some ten months after she ceased to be a member, if Katie's membership had in fact terminated through suspension for nonpayment of monthly assessments.

Agnes White, the local secretary, was called as a witness for defendant, but owing to illness she did not appear; and it was agreed, if she were able to attend, that she would testify—

"That she as secretary never received any money or payments on the policy of Katie Zebok during the months of February, March, April, May, June, July, August, September, October, November and December, 1916.

". . . That one or two days after the death of deceased, Katie Zebok, that plaintiff in the above entitled cause, Anna Vidich, came to her home, together with a woman by the name of Mrs. Medwith and that in the presence of Mrs. Medwith plaintiff in this cause paid to her, Agnes White, the sum of thirty-four dollars ($34) and requested of her, Agnes White, to mark up as paid the overdue and past due premiums and dues.

". . . That at the request of plaintiff and after the death of deceased, she accepted said money and filled in receipt book. . . .

". . . That she never received any money from the deceased, Katie Zebok, or the plaintiff or either of them, or from anybody for them after January, 1916, until the death of the insured.

". . . That after the death of deceased she filled in her record showing payments during the year 1916 from February to December, inclusive, that none of said entries were made as shown by said record card on the dates as indicated by said card."

Defendant also produced certain reports made by the local secretary, Agnes White, and a filing card, kept apparently in the usual course of business, showing, although in different ink and different penmanship, that Katie Zebok had been suspended in February, 1916. This card, however, also showed entries of payments as of the regular dates when due, after such suspension. Defendant called other witnesses whose testimony tended to sustain the defense that the insured was several months in default when she died.

In rebuttal plaintiff called Mrs. Medwith as a witness, and she denied that she had ever gone with plaintiff to see Agnes White after the death of Katie Zebok and that she knew nothing of the payment of money by plaintiff to Agnes White. The plaintiff also denied that she had ever paid $34 to Agnes White after the death of the insured.

The verdict was in favor of plaintiff, and judgment being entered thereon, the defendant appeals.

The defendant says:

"The only question of fact involved in this case was whether or not the payments were made at the time and in the manner provided by the policy and the by-laws of the organization."

If there is anything the matter with this case it inheres in the credence given by the jury to plaintiff's evidence, and in the jury's disbelief of the strong and persuasive evidence adduced by the defendant. That is a matter which this court cannot disturb, since there was sufficient testimony to sustain the verdict. The judgment as rendered was bound to follow on

the verdict, unless the trial court had discredited plaintiff's evidence. This was peculiarly the sort of a case where the trial judge was bound to exercise to the fullest extent his judicial prerogative as the thirteenth juror. But we have no reason to assume that there was any remission in this respect, and so we are compelled to accept the facts as found by the jury. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.)

It is urged that ratification of any unauthorized acts of Agnes White, the secretary, was not pleaded. True, but as plaintiff's evidence was altogether to the effect that the payments were made when due, and she swore positively that none were made after Katie Zebok's death, and plaintiff placed no reliance on ratification by acceptance of delinquent payments, the argument on that point is of no consequence. It is true that the court gave certain instructions touching the effect to be given to defendant's course of conduct, if it were shown that the defendant and its officers disregarded the rules and by-laws of the association, but the accuracy of those instructions would only be important if a recovery had been sought on the ground of ratification of belated payments of monthly dues by Katie Zebok or in her behalf, or if plaintiff's cause of action rested in whole or in part upon such a course of conduct by defendant. On the contrary, the trial court instructed the jury as follows:

"If you find from the evidence that at the time of the death of said Katie Zebok she had failed to make certain payments of dues or assessments which had become due and payable according to the terms of said certificate and defendant's constitution and by-laws, then the fact, if proven, that such dues or assessments were paid after the death of said Katie Zebok would not reinstate or make her in good standing, and in such event it would be your duty to find for the defendant notwithstanding such payments so made."

But it is said that under the issues involved and the evidence received, there was no reason for giving any instruction touching defendant's course of conduct. Even so, the giving of irrelevant instructions does not constitute reversible error unless it is shown that these may have misled the jury or unless it may in some way have prejudiced the rights of the appellant. And no such showing is made here. (*Tallman v. Jones,* 13 Kan. 438; *K. C. Ft. S. & G. Rld. Co. v. Hay,* 31 Kan. 177, 1 Pac. 766; *Ft. S. W. & W. Rld. Co. v. Karracker,* 46 Kan. 511, 26 Pac. 1027.)

Part of defendant's argument is based on the assumption that Agnes White may have received the monthly payments aggregating $34 after Katie Zebok's death, and it contends that the association would not be liable for such an unauthorized act on the part of the local secretary. That would be true unless the association ratified that action and had accepted the money with full knowledge of the facts. However, the point made that the by-law provided that the local agent was not the agent of the association but only of the local chapter and the contention based thereon that the association would not be liable if the local secretary withheld or misused the money are both without merit. A rule that an insurance society which creates officials, agents and servants, and directs and prescribes their duties, can nevertheless avoid the consequences of their acts when performed within the scope of their duties, cannot be given effect. (*Pyramids v. Drake,* 66 Kan. 538, 72 Pac. 239; *Benefit Association v. Wood,* 78 Kan. 812, 817, 98 Pac. 219.) If Katie's payments were made when due, the association was liable, regardless of what Agnes White did with the money, unless it were shown that the insured or the beneficiary was a party to some improper disposition of the money. If the payments were made after Katie's death there was no liability, and the court gave a clear and unmistakable instruction to that effect.

Other criticisms of the instructions given and refused have been carefully noted but no error can be discerned therein nor anything further which would justify discussion.

The judgment is affirmed.