No. 24,832.

J. M. WHITESELL, *Appellee*, v. THE JOPLIN & PITTSBURG RAILWAY
COMPANY and D. O. KEPLINGER, *Appellants*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Erroneous Instruction—Not Prejudicial to Party Complaining.*
An erroneous instruction to a jury, not prejudicial to the party complaining,
will not necessarily compel a reversal of the judgment entered on the verdict.

2. SAME—*Action Against Railway Company and Motorman—No Verdict
Against Motorman—Effect of Verdict Against Railway Company Alone.*
On the trial of an action against an electric street railway company and one
of its motormen to recover for personal injuries sustained by a passenger
on one of the company's cars in a collision with another car caused by the
motorman running his car into the car on which the passenger was riding,
it is not error to render judgment against the company on a verdict against
it although the verdict is silent as to the motorman.

3. SAME—*Excessive Verdict—Remittitur.* After an examination of the evi-
dence set out in the abstracts, this court is unable to say that the verdict
was so excessive as to warrant further interference with it, the trial court
with the consent of the plaintiff having reduced the verdict from $22,500
to $15,000.

4. SAME—*New Trial Granted as to One Defendant.* Under the circumstances
set out in the second paragraph of this syllabus, it was not error to order
a new trial as to the motorman.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY,
judge. Opinion filed January 12, 1924. Affirmed.

*John P. Curran, Elsie Clark, C. S. Denison,* and *E. V. Bruce,* all of Pitts-
burg, for the appellants.

*J. J. Campbell, P. E. Nulton, C. O. Pingry,* and *G. L. Stevenson,* all of Pitts-
burg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover for injuries sustained
by him in a collision between cars of the defendant railway com-
pany while he was a passenger on one of its cars. He sued the rail-
way company, D. O. Keplinger, the motorman, and J. G. Nichols,
the conductor on the car which ran into the car on which the plain-
tiff was riding. The cars were on the same track and were going in
the same direction. The rear car ran into the front one. J. G.
Nichols went out of the case on his demurrer to the plaintiff's evi-
dence. A verdict for $22,500 was returned by the jury against the

defendant railway company. The verdict was silent as to the defendant D. O. Keplinger. The verdict against the defendant railway company, by consent of the plaintiff, was reduced from $22,500 to $15,000; and judgment was rendered for that amount. On the motion of the plaintiff, a new trial was granted as to the defendant Keplinger. The railway company appeals from the judgment against it, and Keplinger appeals from the judgment granting a new trial as to him.

1. The railway company says—

"The trial court erred in submitting to the jury, over the objection of the defendants, the instructions given."

One of the instructions complained of reads as follows:

"You are instructed that if you find from a preponderance of the evidence in this case that plaintiff was injured as alleged in his petition and that the proximate cause of such injury was the negligence of said defendants, or either of them, then you will find for the plaintiff and against such defendants as you find were guilty of such negligence, for such an amount as will compensate said plaintiff for his injury, unless you further find that plaintiff was guilty of contributory negligence, as defined in these instructions, causing such injury."

The same principle was embraced in other instructions. The instruction was bad for the reason that the plaintiff sued the street car company and the motorman and based his cause of action against both on the alleged negligence of the motorman. If the motorman was not negligent, the company is not liable. If the motorman was negligent, both he and the company are liable. The jury could not properly return a verdict against the company in favor of the plaintiff and in favor of the motorman and against the plaintiff in this action. Such verdicts might properly be rendered if the actions were separated, but that is not the present situation. However, the jury did not return a verdict in favor of the motorman and against the plaintiff. The effect of the verdict is the same as though separate actions had been commenced, one against the company and one against the motorman. A somewhat similar situation existed in *Kansas City v. File,* 60 Kan. 157, 159, 55 Pac. 877, where a new trial was granted as to an electric light company but denied as to the city in an action that had been commenced and was tried as to both. If, in the present situation, separate actions had been commenced, a verdict in one case could not have been used for any purpose in the trial of the other. The instructions probably resulted

in the jury erroneously failing to return a verdict against the motorman. Of that, the street railway company cannot reasonably complain. (*Kansas City v. File*, supra.) The error in the instructions was not prejudicial to the railway company, and the judgment should not be reversed for that error. (*Andrews v. Railroad Co.*, 99 Kan. 347, 350, 161 Pac. 600; *Vidich v. Benefit Association*, 108 Kan. 546, 550, 196 Pac. 242, and cases there cited.)

2. Two other complaints are that—

"The trial court erred in refusing to require the jury to return a verdict in favor of the defendant, the Joplin & Pittsburg Railway Company, when by its verdict it had freed the defendant, D. O. Keplinger, from negligence;"

and that—

"The trial court erred in receiving a several verdict against the defendant, the Joplin & Pittsburg Railway Company, when by the verdict of the jury the defendant, D. O. Keplinger, had been freed from negligence, and the trial court erred in overruling the motion of the defendant, the Joplin & Pittsburg Railway Company, notwithstanding the general and special verdict of the jury."

These claimed errors present but one proposition: Could a verdict be returned and judgment be rendered thereon in favor of the plaintiff against the railway company and no verdict be returned as to the defendant Keplinger?

An examination of the plaintiff's petition will be helpful. It, in substance, alleged that the railway company operated an electric street railway through the city of Pittsburg; that the plaintiff boarded one of the railway company's cars at Frontenac to ride thereon as a passenger to Pittsburg; and that another of defendant's cars, coming from Girard, with D. O. Keplinger as motorman and J. G. Nichols as conductor, ran into the car on which the plaintiff was riding and severely injured him. The negligence alleged was that "D. O. Keplinger and J. G. Nichols, the agents and servants, of said defendant corporation, who were in charge of and operating another car of said defendant railway company, negligently and carelessly in operating said car, ran said car into the car of said defendant railway company on which said plaintiff was then a passenger, and partially telescoped the rear vestibule of said car on which plaintiff was a passenger and broke the controller loose on said car, and which controller struck this plaintiff on the back and spine, thereby bruising, crushing, fracturing and dislocating the vertebræ in the lower lumbar region of the plaintiff's spine, bruising, cutting,

lacerating, and tearing muscles and ligaments in the lumbar region of said plaintiff's spine and fracturing and dislocating the pelvic sacrum and the ilium bones in plaintiff's body and bruising, cutting, tearing, and lacerating the muscles and ligaments in the sacro-iliac region of the plaintiff's body and causing plaintiff a great and violent nervous shock." Another allegation of negligence was that the car on which the plaintiff was riding was crowded with passengers; that no seats were available and that there was no room for the plaintiff inside the car. There was evidence to support the allegations of the petition.

It must be conceded that the collision was the proximate cause of the injury and that the crowded condition of the car contributed thereto by compelling the plaintiff to stand in the vestibule of the car where he was struck by the controller box of the car on which he was riding. Although there was no verdict against the motorman, it is not seen how it can be successfully contended that he was not guilty of negligence in running his car into the car on which the plaintiff was riding. If the company had been sued alone, the jury would have been warranted in finding the company guilty of negligence and in returning a verdict in favor of the plaintiff on that finding. The fact that the jury failed to return a verdict as to the defendant motorman is no reason why a verdict against the company based on a finding of the jury that the motorman was guilty of negligence should not stand. The failure of the jury to return a verdict against the motorman cannot be used as a reason for setting aside the judgment rendered against the railroad company. This conclusion is supported by *C. & O. R. Co. v. Dawson, Admr.*, 159 Ky. 296; *Illinois Central Ry. Co. v. Murphy's Admr.*, 123 Ky. 787; *Clay v. Chicago, Milwaukee & St. Paul Ry. Co.*, 104 Minn. 1; *Melzner v. Raven Copper Co.*, 47 Mont. 351; *Texas & P. Ry. Co. v. Huber*, 95 S. W. 568.

3. It is urged that the judgment for $15,000 was excessive. The verdict of the jury was for $22,500. The court, with the consent of the plaintiff, reduced that amount to $15,000 and rendered judgment therefor. Under the circumstances, this court cannot say that the judgment is excessive.

4. The motorman, defendant Keplinger, complains of the order granting a new trial as to him. By some mistake, the jury failed to return any verdict as to Keplinger. He was not released from

liability by the verdict against the company, and it did not dispose of the case against him. The action against him is still pending, and the court did not commit error in ordering a new trial for the purpose of determining the issues between the plaintiff and Keplinger.

The judgment is affirmed.