No. 19,329.

J. T. BROCK, *Appellant*, v. EMMA B. CORBIN, as Administratrix, etc., *Appellee.*

SYLLABUS BY THE COURT.

1. NOTE—*Endorsements—Evidence—Transactions Had Personally with Deceased—Incompetent.* An offer by the plaintiff, who brought an action against the administratrix of the estate of a deceased person, to testify that the deceased, in his lifetime, had made payments to plaintiff upon the promissory note in suit and that plaintiff had endorsed the payments on the note was properly excluded under section 320 of the civil code.

2. NOTE—*Limitation of Action—Payments—Identification of Debt.* To effectually interrupt the running of the statute of limitations by a payment it must appear that there was no uncertainty about the indentification of the debt on which it was made.

3. NEW TRIAL—*Newly Discovered Evidence—When Sufficient.* Before a new trial is granted upon the ground of newly discovered evidence it must appear not only that the proposed evidence is material, is not cumulative and that due diligence had been used to procure it, but also that it would be sufficient to produce a different result.

4. APPEAL—*Matters for Review.* Only such matters as were considered by the trial court are open to review in the supreme court.

5. EVIDENCE—*Not Objected to in Probate Court—No Estoppel on Appeal.* The fact that a party made no objection to testimony offered in a trial in the probate court did not preclude such party from making an objection to the same testimony when it was offered on an appeal in the district court.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 6, 1915. Affirmed.

*L. P. Brooks,* of Cherryvale, for the appellant.
*F. J. Frith,* of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On an appeal from the probate court in which a recovery was sought upon a promissory note alleged to have been executed April 2, 1906, by C. J. Corbin in favor of J. T. Brock, which became due one year after date, it appears from the testimony that Corbin had died and that his wife, who was administratrix of his estate, made a verified denial of the execution of the note. Demand for payment was made to the administratrix on February 10, 1913, and the claim was filed in the probate court on February 11, 1913. Upon its face the note appeared to be barred by the statute of limitations. To overcome the defense that the debt was barred Brock offered to testify that payments of interest had been made by Corbin to himself within the period of limitation and also that the payments had been endorsed by himself on the note. As the offered testimony related to transactions Brock had personally with the deceased in a case where the adverse party is administratrix of the estate it was properly excluded under section 320 of the civil code (Laws 1911, ch. 229, § 1). No other testimony being offered, the demurrer of the defendant to the evidence of the plaintiff was necessarily sustained. Plaintiff complains of the ruling, but suggests no reasons for reversal and makes no argument in support of his complaint.

Plaintiff also complains of the ruling of the court refusing a motion for a new trial, which was based mainly on the ground of newly discovered evidence. In an affidavit he alleges that since the trial he has discovered one witness who would testify that in the spring of 1908 he heard Corbin say that he had made a payment to Brock upon the note, and also another witness who would testify that in 1908 Corbin stated that he had paid something on his note to Brock. In the proposed new testimony there is no identification

of the note on which the alleged payments were made, nor is the time of the year when they were made stated. To avoid the bar of the statute of limitations it is necessary to show, first, that payments had been made by Corbin on the very note sued on, and, second, that the payments had been made after February 11, 1908. To effectually interrupt the statute by payments it is necessary that there be a certainty as to the identification of the debt on which it is made, and, as we have seen, that is lacking in the proposed testimony. Then there is the lack of certainty as to the time of payment. If received and considered the testimony would not affect the decision made by the trial court, and before a new trial is granted upon this ground it must affirmatively appear that the new evidence is not only material, is not cumulative, and that due diligence was used to procure it, but also that if produced on another trial it would be sufficient to change the result.

Plaintiff also contends that as he was permitted to testify as to the payments without objection when his claim was presented in the probate court that the defendant waived her right to make the objections on the trial in the district court. The testimony given in the probate court does not appear to have been produced on the trial in the district court, and as that court gave the testimony in the probate court no consideration and made no ruling as to its effect the question is hardly open on this appeal. Only such matters as were heard and determined by the district court are reviewable by this court. If evidence was introduced by the plaintiff in the probate court, with or without objection, he can hardly claim that it is newly discovered or that he has any excuse for failing to bring it to the attention of the district court when the trial was had. Besides, the failure of the administratrix to object to incompetent testimony on the trial in the probate court, or even to make a defense on some former hearing, can not be regarded as an acknowledgment of the debt which

would affect the bar of the statute, or as a waiver of her right to make such objections and defenses upon the trial as the law authorizes and in the manner prescribed by the code.

The judgment is affirmed.