No. 24,444.

C. E. HILL, *Appellee*, v. UNION PACIFIC RAILROAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. APPEAL—*When Matter Not Reviewable.* An objection to the introduction of evidence is not available in this court for purposes of error unless the record shows its timely presentation to the trial court.

2. NEGLIGENCE—*Personal Injuries—Instructions Concerning Testimony of Expert Witnesses.* It is error for the court in its instructions to single out and give special significance to the testimony of expert witnesses and to refuse a proper instruction concerning such testimony, but a judgment will not be reversed because of such error unless the substantial rights of the complaining party have been affected.

3. SAME. The instructions examined and held not to warrant a reversal.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed May 12, 1923. Affirmed.

*R. W. Blair, T. M. Lillard,* and *O. B. Eidson,* all of Topeka, for the appellant.

*John J. Riling,* and *Edward T. Riling,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: C. E. Hill recovered judgment for $2,500 for injuries sustained through the negligence of the defendant. Trial was to a jury. Defendant appeals. Plaintiff alleged in his petition, in substance, that:

"On the 30th day of December, 1920, he was employed by the Poehler Mercantile Company, and had hauled a truck load of freight for that company to the Union Pacific freight house, at Lawrence, Kan., and had unloaded his truck into the freight depot at one of the doors provided for that purpose; that some bricks in the wall over the door at which plaintiff was at work had been negligently laid, without proper cement or tie rods, and that a number of these bricks fell upon the head and body of the plaintiff while he was there at work, and permanently injured him; . . . . that plaintiff's skull was fractured; that he received an injury and concussion of the brain, and hemorrhages of the brain; that his sense of touch on the left side was injured; his left leg and arm have been weakened so that he does not have full use of the same; that there were injuries to his eyes; that his nervous system was injured, all of which injuries were the direct and proximate result of defendant's negligence."

1. The defendant admits that "There was sufficient evidence on the question of negligence to take the case to the jury," but complains that, "The court erred in permitting Dr. Skoog to give his opinion as to permanent brain injury, as an expert, when that opinion was based partly on history given by plaintiff and plaintiff's wife." Dr. Skoog testified, at considerable length, concerning examinations he had made of the plaintiff and his conclusions therefrom. On cross-examination these questions were asked and answers given:

"Q. What's the matter with this man? Now you have given a lot of high sounding words here to the jury, that I doubt if they got all of them—I know I didn't? What's the matter with the man, in plain English? A. Well, for your benefit, I will state that this man's brain has been seriously injured.

"Q. The man's brain has been seriously injured? A. Yes, sir.

"Q. How did you find that out? A. By the various tests which I have described here, corroborated by the X-ray plates, corroborated by the history of the facts given by the plaintiff and his wife.

. . . . . . . . . . .

"Q. Mr. Hill's symptoms are largely subjective, aren't they? A. No, sir.

"Q. That is, a large part of the troubles that he has, as you have detailed it, is things that he tells about himself? A. No, sir. In fact, I tried to avoid all of those things. I might have added more had I quoted him."

It has been held that "A physician, while testifying as an expert, is not permitted to testify to his conclusions as to the permanency

Hill v. Railroad Co.

of an injury to a patient based partially upon the history of the injury detailed to him by the patient or other person and partially upon his own examination. (*Betterment Co. v. Reeves*, 73 Kan. 107, syl. ¶ 2, 84 Pac. 560, and cases cited.) It has also been held that while "It is error to permit physicians, testifying as experts, to testify concerning the condition of a person examined by them, and base their opinion partly on the history of the case; but where there is ample evidence, not based on the history of the case, to establish all the facts so erroneously testified to, such error is not sufficient to cause a reversal of the judgment." (*Smith v. Railroad Co.*, 95 Kan. 451, syl. ¶ 2, 148 Pac. 759, and cases cited.)

The plaintiff contends that the statement elicited by the defendant on the cross-examination of Dr. Skoog did not mean that the doctor's opinion was based wholly or partly upon the history of the facts given by the plaintiff and his wife. He contends that the answer means nothing more than that the doctor arrived at his own conclusions from his own observations and his own examinations, and that the X-ray plates, together with the history of the case given by the plaintiff corroborated his conclusions. The question, however, appears to be disposed of by other considerations. The defendant is not in position to complain. The record discloses no objection to the testimony on the part of the defendant and no motion to strike it out. Defendant is precluded from objecting to the testimony for the first time in this court. (*Brumbaugh v. Schmidt*, 9 Kan. 117; *Washbon v. Bank*, 86 Kan. 468, 121 Pac. 515; *Brock v. Corbin*, 94 Kan. 542, 146 Pac. 1150; *K. P. Rly. Co. v. Cutter*, 19 Kan. 83; 3 C. J. 808-816 and cases cited.)

2. Defendant complains that the court erred in refusing to give the following instruction which it requested:

"The testimony of expert witnesses, like the testimony of other witnesses is to be weighed with all the facts and circumstances of the case and given just such a degree of weight and credence as the jury believe it is entitled."

The court, after giving a summary of the pleadings, defining "Negligence" etc., gave, among others, the following instructions:

"There is some testimony before you gentlemen, produced here by experts. With regard to this testimony, I may say, it is here to help, aid and assist you in arriving at what this man's condition is or was at the time the examinations were made, and assist you in determining what, if any, is the damage that he has sustained. As I suggested before, the burden of proof in this case is upon the plaintiff to establish his claims with reference to his injury. You,

gentlemen, are the exclusive judges of all questions of fact, the credibility of the witnesses and the weight of testimony."

The court should have given the instruction requested by the defendant or one similar thereto. The testimony of experts should be considered like any other testimony, not singled out and given special significance. It is subject to the same tests and should receive as much weight and credit as the jury may deem it entitled to when viewed in connection with all the circumstances of the case. The court, however, told the jury that it was the exclusive judge of all questions of fact, the credibility of the witnesses and the weight of the testimony.

The defendant admits the negligence and its consequent liability. Under all the facts disclosed by the record, we cannot say that the verdict was excessive. Taking all the circumstances into consideration, the failure to give the instruction requested is not a sufficient reason for reversal. (Gen. Stat. 1915, § 7485.)

The judgment is affirmed.