No. 25,240.

F. M. BRICK, *Appellee*, v. THE NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Motion for New Trial—Chief Purpose of Motion for New Trial Stated*. The chief purpose of a motion for a new trial is to give the trial court an opportunity to reëxamine rulings made in the course of the trial and to correct any errors that may have been made, so that parties may avoid the trouble and expense of having the errors corrected on an appeal.

2. SAME—*New Trial—Errors of Trial Court to be Reviewable Must Be Specifically Pointed Out to District Court in Motion for New Trial*. Errors of the trial court occurring during the trial and which constitute grounds for a new trial, to be reviewable on appeal, must have been brought to the attention of the trial court on a motion for a new trial, and if such errors are not specifically pointed out in the motion or upon the presentation of the motion, and no opportunity is given to the court to reconsider and correct such errors, they will as a general rule be regarded as waived.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed November 8, 1924. Affirmed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt*, all of Topeka, and *F. C. Baldwin*, of Washington, for the appellant.

*Edgar Bennett*, of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A judgment was obtained by F. M. Brick against The National Fire Insurance Company, of Hartford, Conn., upon a contract of insurance, and the company has taken an appeal.

The policy in question covered a soda fountain and the ordinary equipment used in connection with it. Plaintiff averred and offered proof tending to show that a fire which occurred destroyed the insured property, and to the plaintiff's evidence the defendant filed a demurrer. This demurrer was overruled, whereupon the defendant declined to produce any testimony, and the jury returned a verdict for plaintiff for the full amount of the insurance under the direction of the court. In due time the defendant filed its motion for a new trial in these words:

"1. Because of erroneous rulings of the court.
"2. Because of erroneous instructions by the court.
"3. Because the verdict is contrary to the evidence."

There was nothing in the motion to indicate what ruling was regarded by defendant as erroneous nor the particular instruction of which complaint was made, nor was there anything to indicate wherein the evidence was lacking. This motion was thrown at the court without explanation or identification of the errors that the defendant had in mind. There is a recital in the record that when the motion for a new trial came on for hearing, both parties were present, and "defendant offering nothing in support of its motion, the motion for a new trial is by the court overruled." The motion itself was blind, and the defendant, instead of specifically pointing out the rulings, as was its duty, sat silent and offered nothing in support of the motion. The purpose of a motion for a new trial is to give the court an opportunity to reëxamine rulings made in the course of the trial and to correct any errors in the proceedings, so that parties may avoid the trouble and expense of having them corrected on appeal. How could the court reëxamine and correct a ruling unless the party called attention to the particular one to which objection was made and the statement of the grounds of his objections? It is manifest that no specific ruling was brought to the attention of the trial court in the submission of the motion, and that it has had no opportunity to reconsider any objections or errors which might have been assigned as grounds for a new trial. Rulings of which a review is desired, whether or not they constitute grounds

for a new trial, should be clearly pointed out to the court, and when this is not done they will as a general rule be deemed to have been waived.

On a motion to quash filed by a defendant, in which it was alleged that an information did not state facts sufficient to constitute a public offense, and where counsel declined to inform the trial court the nature of the defect on which he relied, it was decided that he was not entitled to have the objection reviewed on an appeal. It was said to be unfair to insist that the courts had erred when the objection or point relied on was concealed from the court. (*The State v. Everett*, 62 Kan. 275, 62 Pac. 657.)

In *The State v. Balliet*, 63 Kan. 707, 66 Pac. 1005, there was a general attack upon an information in which attorneys failed to point out to the trial court the specific defects in it, and it was held that the failure to state the specific grounds of objection relieved the supreme court of any duty in respect to the alleged defects.

In *Riverside v. Bailey*, 82 Kan. 429, 108 Pac. 796, where a party declined to specifically point out defects relied on in a motion for a new trial, and the motion was for that reason overruled, it was remarked:

"It is the duty of every attorney engaged in the presentation of a cause to a court to assist in reaching a just conclusion, by stating fully and frankly to the court, when requested, all that he knows about the question under consideration. With such a statement the court might be able to grant the relief at once and save further delay and expense. A court has the right, upon such an application, to have the errors complained of pointed out fully and clearly, and concealment or evasion of pertinent facts by the attorney is a violation of professional duty which will justify a refusal of the order requested." (p. 431.)

In *Emery v. Bennett*, 97 Kan. 490, 155 Pac. 1075, it was held:

"The duty of an attorney as an officer of the court is to assist the court in arriving at a just and lawful conclusion and judgment in every cause; and when he has a proper objection to the pleadings or proceedings, he should point out clearly and specifically the grounds for his objection; and when he fails to make it ·with such clearness and precision that the court can understand it, he will ordinarily be held to have waived his objection." (Syl. ¶ 2.)

Aside from the matter of waiver it may be said that only questions passed upon by the trial court are reviewable here, and since no objection or error was in fact presented to the trial court on the motion for a new trial, there was no consideration of any error in the proceedings, and hence nothing is here for review.

Notwithstanding the waiver of the defendant by its failure to bring its objections to the attention of the trial court, we have looked into the record and the contentions of the defendant, and are of opinion that a just result was reached in the action and a valid judgment rendered.

The judgment is affirmed.