No. 29,541.

In re Estate of William D. Shike, Deceased; Lena J. Carnine, Petitioner, *Appellant*, v. E. L. Bacon, as Administrator, etc., *Appellee*.

(293 Pac. 392.)

Opinion filed December 1, 1930.

*Roscoe W. Graves,* of Emporia, for the appellant.

*C. C. Stewart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

Jochems, J.: This action was brought upon an application made by Lena J. Carnine in the probate court of Douglas county in the estate of William D. Shike, deceased, seeking an order decreeing specific performance of a contract she had made with the deceased relative to the exchange of real estate. The issues were decided adversely to her in the probate court, and she then took an appeal to the district court of Douglas county. Upon hearing there the

issues were again decided against her, and from this judgment she appeals to this court.

The appellant brought her action under the provisions of R. S. 22-820 and R. S. 22-827 to 22-830, inclusive. These sections read:

"R. S. 22-820. When any order for the specific execution of a contract shall be made, the executor or administrator shall execute and deliver to the petitioner a deed, duly acknowledged, conveying the estate according to the order, and expressing therein the saving of the rights above named according to the order and stating the date of the order and the court at which it was made. Such deed shall be as effectual as if it had been executed by the deceased."

"R. S. 22-827. If any testator or intestate shall have entered into a contract in writing for the conveyance of any real estate, and shall not have executed the same in his lifetime, nor given power by will to execute the same, the other party wishing a specific execution of such contract may file a petition to the probate court setting forth the facts, and praying that an order may be made that the executor or administrator execute such contract specifically by executing to him a deed for the same.

"R. S. 22-828. Such petitioner shall annex to his petition an affidavit to the truth thereof, and stating that no part of such contract has been satisfied, except as stated in the petition.

"R. S. 22-829. A notice of such application and a copy of the petition shall be served upon the executor or administrator twenty days before the first day of the term at which it is to be made.

"R. S. 22-830. If the court, after hearing all parties, believe that specific execution of such contract ought to be made, it shall make an order that the executor or administrator execute such contract specifically, saving to infants, persons of unsound mind, and persons absent from the United States, the term of two years after their disabilities are removed to appear and file their petition to set aside such order for fraud or otherwise."

In her application the appellant recites that she and her husband, Harry Carnine, had entered into a contract with the deceased, William D. Shike, for the exchange of a business property owned by them in Osage county, for a farm owned by the deceased in Douglas county. A copy of the contract was attached to the application, and this contract, after reciting the agreement to exchange the properties and to furnish abstract showing good and merchantable title, further recited that the farm property owned by deceased was traded at an agreed value of $15,000, subject to an encumbrance of $5,000; that the property owned by appellant was traded at an agreed value of $12,000, subject to no encumbrance. The contract stipulated that the deceased was to pay the appellant the sum of $2,000 as difference in the purchase price; $500 to be paid on the signing of the contract and $1,500 on or before March 1, 1929; that both parties were to pay the taxes for the year 1928; that the deeds

were to be executed by the respective parties and left in escrow with the Peoples State Bank of Baldwin within thirty days from the date of the agreement, possession to be exchanged on March 1, 1929. Time was declared to be of the essence of the agreement, and it was further provided that in the event of failure of either party to fully perform, then the sum of $500 should be paid by the failing party to the other party as liquidated damages; that if any additional time was necessary to perfect the title after March 1, 1929, an extension of time should be agreed upon without making the contract invalid.

The appellant in her application to the probate court stated that nothing had been done by the deceased to carry out the contract except the payment of the $500 mentioned as down payment. She asked the court to specifically perform the contract by ordering the administrator to execute a proper deed conveying the property belonging to the deceased to the appellant and her husband and to furnish them abstract of title thereto showing merchantable title. She further alleged that she and her husband had done all of the things required of them by the terms of the contract and were in no wise in default.

The administrator filed his answer, in which he contended that he had no authority to specifically perform the contract; that it would require a deed signed by the heirs and the heirs were not parties to the action; that appellant was limited to the $500 liquidated .damages specified in the contract. The administrator alleged that nothing had been done by the deceased in the performance of the contract except the payment of the $500; that no deed had ever been received from the appellant; no abstract had ever been tendered to the Osage county property, and the deceased had never approved any title or in any way carried out the contract; that the administrator had no power at law to do any of the things necessary to be done on behalf of the deceased to carry out the contract. He further alleged that the appellant had never furnished abstract of title to her property; that any pretended abstract of title furnished does not set forth merchantable title; that appellant's property is not free and clear of encumbrance and that she, having failed to do what she should have done under the contract sued upon, is not entitled to specific performance. The administrator further alleged that the agreed value of the appellant's property at $12,000 is grossly excessive and known by appellant to be so; that the property

was badly run down and much in need of repairs; that it could not be sold at any price and had a value of not to exceed $3,000. The administrator further alleged that the appellant is not coming into court with clean hands and her application is not entitled to be heard by any court of equity; that there are claims on file against the estate of the deceased for more than $5,000, and that it will be necessary to sell his real estate in order to pay such debts; that to allow the specific performance of the alleged contract would be fraud upon the creditors.

The appellant demurred to the administrator's answer on the ground that it did not state facts sufficient to constitute a defense. The demurrer was taken under advisement at the time the case came on for trial on December 10, 1929, and the trial was ordered to proceed. The testimony offered was very brief. The only witnesses testifying were the husband of the appellant and the two real-estate men who had represented the parties to the transaction. The substance of the testimony so offered was as follows:

The contract was identified, signatures proved and admitted in evidence; that the Carnines had executed deed to the property which they wanted to convey to Shike and deposited the same in escrow in the Peoples State Bank of Baldwin; that they had deposited an abstract of title to the property in escrow prior to March 1, 1929, as required by the contract. The abstract was produced and identified but not offered in evidence. The testimony further showed the payment of $500 by the deceased to the appellant as required by the contract. It showed, also, that the appellant and her husband had paid the taxes on the property for the current year; that there was a paving tax on the property for five years, but that the assessment for the current year had been paid; that there was a mortgage of $700 on the property; that the deed executed by the appellant and her husband also included a small tract joining the east half of lot 13, which was 25 by 55 feet in size; that the property described in the deed was the same property described in the contract; that there were two business houses on the property; that the deceased had not placed any deed in escrow and had not furnished any abstract of his property. The foregoing covers the evidence offered. No evidence was introduced by the administrator.

After the case was heard on December 10, 1929, the court took the matter under advisement and on January 18, 1930, entered judgment in favor of the administrator, assessing the costs against the appellant.

The appellee takes the position that the appeal should be dismissed for two reasons:

1. The motion for new trial was not filed within the time specified in the statute.

2. Counsel for appellant having failed to argue the motion for a new trial and to advise the trial court of any reason for granting a new trial, appellant is not entitled to be heard in this court.

As stated above, judgment was entered on January 18, 1930. The motion for new trial was filed January 25, 1930, seven days after the judgment. This is not within the time specified by R. S. 60-3003, which provides that such application must be filed "within three days after the verdict or decision is rendered." However, in justification of the failure to file within the three-day period prescribed by the statute, the appellant sets forth in her reply brief a statement and letter from the trial judge which shows that the judgment was entered without any previous notice to the appellant or her attorney. The first notice had was by letter inclosing copy of the journal entry sent by the opposing counsel, this letter being dated January 21, 1930. The trial judge in his letter indicated that inasmuch as the appellant had not received advance information of the intention of the court to pass upon the matter, that under a recent rule of the supreme court he could go ahead and file motion for a new trial. Rule 30 of the supreme court reads:

"When any matter or cause is submitted to the court and taken under advisement, the court, at the time of deciding the same, shall notify counsel of record in such time and manner as will enable counsel to take the necessary steps under the statute to protect their rights for review or otherwise."

In answer to this the appellee contends that the supreme court has no authority to make a rule that can overcome a positive law passed by the legislature.

The section relating to the time for filing motion for new trial, R. S. 60-3003, was adopted as section 306 of chapter 182 of the Laws of 1909. In the same code and the same act, section 753, now appearing as R. S. 60-3825, was also adopted. This latter statute provides:

"The judges of the supreme court may make and amend, from time to time, such further rules for the regulation of procedure in the supreme court and inferior courts consistent with this code, as they may deem proper."

Under the power to make rules thus granted to the supreme court we hold that rule 30, *supra,* does not have the effect of setting aside

or nullifying the provisions of R. S. 60-3003. The two are a part of the same act and are in harmony with each other. Besides, it must be remembered that there is no statute in the code which provides for a notice to litigants where cases are taken under advisement by the court. Since the code did not make any positive provision as to notice in a situation where the case has been taken under advisement and retained by the trial court for some time, this court deemed it advisable to make a rule covering such situations. The ruling does not contravene the positive provision of any statute for the reason that there is no statute relating to the subject of notice of rendition of judgment in cases taken under advisement. The purpose of the code was to devise a system of procedure by which justice could be more adequately rendered and technicalities brushed aside. It was a progressive step intended to improve procedure and to better enable the courts to carry out their functions so as to do justice to all parties as nearly as may be. In adopting rule 30 this court recognized the fact that in instances where the trial court has taken a case under advisement and held it for a long time and then rendered judgment without any notice to the parties, it is impossible for attorneys to protect their clients by filing a motion within the time prescribed by R. S. 60-3003. In such cases positive injustice has been done litigants through no fault of their own or that of their attorneys. In order to rectify this situation and to safeguard the rights of litigants the supreme court very wisely adopted rule 30, and we hold, therefore, that under the circumstances in this case the motion for new trial was filed in time.

With reference to the second reason urged by the appellee as ground for dismissal of this appeal, it appears that the matter had been thoroughly argued at the time of the trial and the letter from the trial judge to the attorney for appellant indicated that no argument was really necessary on the motion for new trial. This letter concludes with the statement:

"As I look at the situation, however, it is largely a matter of law and I question whether a motion for a new trial is necessary."

Furthermore, there were no objections made to the introduction of any evidence which was offered; neither was there any evidence rejected and there does not appear to be any trial error such as a lawyer would ordinarily point out on a hearing of a motion for new trial. We feel, therefore, that under the circumstances in this case it is not one coming within the rule laid down in *Brick v. Fire In-*

*surance Co.*, 117 Kan. 44, 230 Pac. 309, and the failure to argue the motion for a new trial is not fatal to appellant's right of appeal.

Passing, then, to the errors urged by the appellant, we will consider these all under one head as they are closely related to each other. The principal objection is that the court erred in denying appellant specific performance of her contract against the administrator of the estate of William D. Shike, deceased.

The record in this case shows that there was no proof that the title offered by appellant was a merchantable title. The burden of proof as to whether a title be merchantable was cast upon the appellant by the issues made in the answer of the administrator. In 36 Cyc. 695 it is said:

"The burden of proof is on the vendor to show a good title, where that is denied in the vendee's answer, or the vendee in his answer insists that the vendor exhibit his title, or the vendee refuses to perform on account of alleged defects."

It would appear, therefore, that the court might very properly have denied the application on this ground. Furthermore, it appears that the description set out in the contract was not an accurate description of the land contemplated to be conveyed by the appellant and her husband. It is true that the correct description was set forth in the deed and this court has held in *Zelleken v. Lynch*, 80 Kan. 746, 104 Pac. 563, that—

". . . in an action for specific performance the description of premises involved may be aided by extrinsic evidence." (p. 751.)

However, the sufficiency of the extrinsic evidence offered was a matter which the trial court might take into consideration in reaching its decision.

It appears, also, that the contract provided that the property to be conveyed by the appellant and her husband was clear of encumbrance, whereas in fact the evidence showed that there was an outstanding mortgage of $700 against it. True, this could have been deducted from the cash consideration which was to be paid under the contract under the rule laid down in *Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82. It would not, standing alone, be sufficient to defeat the action. However, upon the record as it stands, eliminating from our consideration the question as to the discrepancy in the description which was supplemented in the deed, and the $700 mortgage against the property which the contract said was clear, it still appears that the appellant failed to establish a clear right to specific

execution by reason of the fact that she did not discharge the burden incumbent upon her to prove that she was possessed of a good merchantable title to the property.

It is clear, therefore, that the court did not err in refusing to grant specific performance under the facts in this case, nor can we say that its failure to do so was such a gross abuse of the sound discretion vested in the court as would justify its decision being disturbed upon appeal. The statute in question (R. S. 22-830), which we have hereinbefore set forth, indicates that the court is vested with a sound discretion as to whether it will grant a specific execution. In *Milling Co. v. Waite*, 112 Kan. 809, 213 Pac. 160, it was held:

"Specific performance is not a matter of right, but rests in the sound judicial discretion of the court, and where the trial court found that it would be inequitable to compel specific performance and where there was testimony to sustain said finding, the judgment will not be reversed." (Syl. ¶ 3.)

See, also, *Fowler v. Marshall*, 29 Kan. 665; *Golden v. Claudel*, 85 Kan. 465, 118 Pac. 77.

The direct question is raised as to whether or not the probate court could decree specific performance under the statutes in question. We can see no good reason why in a proper case the probate court cannot grant specific performance under these statutes. Of course, the remedy of an action against the heirs might in most instances prove the better one, but we can well conceive of cases in which this statute may provide a very expeditious and efficacious remedy.

Complaint is further made by the appellant that the court erred in overruling her demurrer to the answer of the administrator. Some of the matters alleged by the administrator were properly matters of defense to be urged in an action for specific performance and stated good grounds why a decree of specific performance should be refused. The demurrer was properly overruled.

The judgment is affirmed.