No. 33,069

FRED RIERSON, *Appellee*, v. THE SOUTHERN KANSAS STAGE LINES
COMPANY, *Appellant*.

(69 P. 2d 1)

Opinion filed
June 12, 1937.

*J. W. Blood, F. W. Prosser, A. M. Buzzi,* all of Wichita, and *J. B. McKay,*
of El Dorado, for the appellant.

*C. Glenn Morris,* of Topeka, and *Stanley Taylor,* of El Dorado, for the
appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for personal injuries sustained in
a motor-vehicle collision. Plaintiff recovered judgment, and de-
fendant appeals.

The accident which resulted in injuries to the plaintiff occurred
about 10 o'clock p. m. on the 9th day of July, 1935, on highway No.
77 at a point five miles south of Augusta. At that point the traveled
portion of the highway was about thirty feet in width and level to
the south for a distance of one mile. The plaintiff, Fred Rierson,
was driving an automobile owned by him in a northerly direction on
the highway. At the time in question one of defendant's passenger
buses was being driven by the defendant's driver, M. C. Schaeffer,
in a northerly direction on the same highway. In plaintiff's peti-

tion it was alleged that plaintiff was driving on the right-hand side of the highway at a speed of approximately eighteen miles per hour. It was further alleged that defendant's bus approached the automobile driven by the plaintiff from the rear or south side, and was driven with great force and violence into plaintiff's automobile, smashing and throwing it over, causing plaintiff to be violently thrown from the automobile to the highway and thereby injuring him in the manner stated in the petition.

The negligence charged was that defendant's bus was being driven at a dangerous rate of speed, failure to give any signal of its approach, failure to turn the bus to the left in order to pass plaintiff's automobile, failure of the driver of defendant's bus to apply his brakes, and that the driver of defendant's bus was asleep at the time of the collision.

The case was tried by a jury and answers to special questions were returned. The special questions and answers pertinent in this appeal are as follows:

"1. What was the rate of speed of the Rierson automobile just immediately before the accident? A. Eighteen miles per hour.

"3. If your verdict is for the plaintiff, then state specifically of what act or acts of negligence the defendants were guilty. Answer fully. A. The bus driven by M. C. Schaeffer traveling at its regular rate of speed misjudged the rate of speed of the car ahead driven by Fred Rierson and failed to turn out soon enough to avoid crashing into rear end of car ahead, causing accident.

"4. Was the plaintiff guilty of any act of contributory negligence? A. No.

"7. Where were the right wheels of the Rierson car with reference to the east edge of the surfaced portion of the highway as said car approached the site of the accident? A. Approximately two feet six inches west.

"8. How wide was the surfaced portion of the highway at the site of the accident? A. Approximately thirty feet.

"9. How wide from the center of the wheels on one side of the center of the wheels on the other side was the Rierson car? A. Four feet eight and three fourths inches.

"10. What was the proximate cause of the accident? A. Misjudged distance and difference in speed rate.

"11. How many feet east of the center line of the surfaced portion of the highway were the left wheels of the Rierson car at the time of the collision? A. Seven feet, four inches, approximately.

"12. Did the Rierson car immediately prior to the accident turn or veer to the left? A. No."

The record shows that the defendant offered a demurrer to the evidence of the plaintiff, which was overruled, and that thereupon the defendant rested without having introduced any evidence.

The jury returned a general verdict in favor of the plaintiff and against The Southern Kansas Stage Lines Company and assessed the damages at $2,556.50. The jury also returned a verdict in favor of the defendant, M. C. Schaeffer.

The record fails to show that defendant filed a motion for a new trial.

In *Collins v. Morris*, 97 Kan. 264, 155 Pac. 51, it was said:

"The purpose of a motion for a new trial is to inform the trial court what errors are relied upon, in order that the court may, by granting a new trial, correct any error shown to exist. It would not be fair to the other litigant, nor fair to the trial court, nor to this court, if a defeated litigant were permitted to secure the reversal of a judgment on grounds not presented to the court below. If there be reversible error in a verdict or judgment the interests of justice and of both parties as well as of the public are best served by the granting of a new trial at once rather than after the delay and costs incident to an appeal." (p. 266.)

Error is assigned in failing to give requested instructions. The journal entry shown in the record recites that defendants filed their request for special instructions, which the court, in part, refused to give, and that "the court instructed the jury in writing." While the requested instructions are set forth in the abstract, the instructions as given by the court are omitted. Where the charge of the court is omitted from the record, this court will presume that the charges given were correct and covered the law of the case. Even if the refused instructions were correct, it would serve no useful purpose to examine them. (*Pacific Railroad Company v. Nash*, 7 Kan. 280.) Besides, it is the settled rule in this court that errors of the trial court occurring during the trial, and which constitute grounds for a new trial, to be reviewable on appeal must be brought to the attention of the trial court on a motion for a new trial. (*Brick v. Fire Insurance Co.*, 117 Kan. 44, 230 Pac. 309.)

Failure to set aside answers to special questions as being contrary to the evidence is specified as error. In *Kinear v. Guthrie*, 113 Kan. 692, 216 Pac. 280, it was said:

"It has been so frequently ruled as to make the citation of authorities unnecessary that where a claim is made that the findings and verdict are against the evidence, a motion for a new trial based upon that ground must have been made and determined." (p. 694.)

It is suggested that the evidence was not sufficient to support the verdict. That, however, is a question that could be properly raised only by a motion for a new trial. (*Weaver v. City of Cherryvale*,

102 Kan. 475, 170 Pac. 997.) It is urged that the judgment rendered against the defendant is contrary to the evidence. In the absence of a motion for a new trial this question will not be considered. (*Mc-Nally v. Keplinger*, 37 Kan. 556, 15 Pac. 534.)

The next contention made by the defendant is that its motion for judgment, notwithstanding the verdict, should have been sustained. In support of this point defendant directs attention to the verdict of the jury which was in favor of the defendant, Schaeffer, the driver of the defendant's bus, and argues that since the servant was exonerated the defendant company cannot be liable. The jury, however, in its findings of fact made conclusive findings that both the driver, Schaeffer, and the bus company were guilty of negligence. Our statute G. S. 1935, 60-2918, provides:

"When the special finding of facts is inconsistent with the general verdict the former controls the latter, and the court may give judgment accordingly."

On motion of the plaintiff the court could have entered judgment against Schaeffer, but there can be no doubt that under the settled rule in this state the judgment was properly rendered against the defendant. (*Van Gundy v. Motor Car Co.*, 114 Kan. 366, 219 Pac. 503; *Whitesell v. Street Railway Co.*, 115 Kan. 53, 222 Pac. 133.)

Finally, it is claimed that the trial court committed error in not sustaining the demurrer of the defendant to the evidence of the plaintiff. A demurrer to the evidence does not raise a question of fact, but a question of law. When such a demurrer is sustained or overruled and judgment rendered, a motion for a new trial is neither necessary nor proper. In such case the right of the defeated party is by appeal. (*Emerson-Brantingham Imp. Co. v. A. C. Penniman & Son H. Co.*, 132 Kan. 56, 294 P. 2d 883; *Schubach v. Hammer*, 117 Kan. 615, 232 Pac. 1041.) The ruling on a demurrer to the evidence is an appealable order. (G. S. 1935, 60-3302.) It is necessary that the notice of appeal should specify that the appeal is taken from such order. (G. S. 1935, 60-3306.) While the notice of appeal does not show that an appeal was taken from the order overruling the demurrer to the evidence and such matter is not properly before us for review, we have examined the evidence as shown in the record, and we think the court was justified in overruling the demurrer.

Counsel for defendant strenuously argue that the testimony of plaintiff's witnesses failed to support the allegations in the petition —that there is no proof that Schaeffer was the driver of the bus that collided with plaintiff's car or that plaintiff's car was struck by a

bus belonging to the defendant. The plaintiff, Rierson, testified that he was driving a 1934 coupé north on highway No. 77; that he was somewhere near the center of the east track or lane as he proceeded north and that he was traveling along the east edge of the highway. He testified that he did not know what happened; that the first thing he knew thereafter he was in a hospital at Augusta. The various witnesses who visited the wreck that night and on the following day testified that they saw skid marks and jagged places in the highway; that there were tire burns on the pavement, indicating that the car of plaintiff was dragged or pushed a considerable distance from the jagged places in the pavement, and that the defendant's bus was 250 feet from the first skid marks. Without recounting in detail the testimony of the various witnesses, we think there was ample evidence to justify the findings of fact and the verdict of the jury. Negligence may be shown by circumstantial evidence as well as by testimonial evidence. It was the province of the jury to weigh the evidence, and no valid reason has been suggested why the judgment should be disturbed.

The judgment is affirmed.