No. 36,131

In re Estate of A. M. Rundle, Deceased (IRA ALLEN, *Appellant*, v. WALTER R. RUNDLE, Administrator, *Appellee*).

(149 P. 2d 337)

Opinion filed June 10, 1944.

*Henry H. Asher,* of Lawrence, argued the cause, and *C. M. Gorrill,* of Lawrence, was on the briefs for the appellant.

*Milton P. Allen,* of Lawrence, argued the cause for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action on a note. Judgment was for defendant and plaintiff appeals.

The sole issue was whether the action was barred. The note in the sum of $712.12 represented an indebtedness of L. M. Rundle for gas and oil purchased from appellant. The note was dated June 6, 1934, and became due December 6, 1934. The makers of the note were L. M. Rundle and his father, A. M. Rundle, deceased. A claim on the note was filed against the decedent's estate. It was allowed in the probate court and the administrator appealed to the district court, where the claim was denied.

The first question presented is whether the statute of limitations was tolled by an alleged payment endorsed on the note as of June 6, 1939, that being five years from the date the note became due. The material portion of appellant's testimony in chief was, in substance, as follows:

On June 6, 1939, he took the note and went to the farm of A. M. Rundle, the deceased; he found L. M. Rundle and A. M. Rundle in the barnyard sharpening knives preparatory to butchering; he had a conversation with these two men in the barnyard; he stated to

L. M. Rundle in the presence of A. M. Rundle that this was the last day to keep the note from being barred and that he needed to get a payment on it or institute suit on that day; he had some further conversation with the Rundles in the barnyard; after this further conversation A. M. Rundle said to Loren Rundle, "Go ahead and give him five dollars and let it go"; in response to that statement by the deceased five dollars was paid on the note by L. M. Rundle; at the same time and place he (appellant) endorsed the five dollar credit on the back of the note.

The testimony in chief of appellant concerning this conversation of the payment and credit endorsement was objected to by appellee on the ground the conversation pertained to a communication or transaction had personally by appellant with the deceased and that appellant was incompetent to testify in his own behalf concerning it. Objections of appellee were at that time overruled as to most, if not as to all, of the testimony. On cross-examination of appellant it was disclosed the entire alleged conversation among the three persons had lasted approximately twenty minutes. Counsel for appellee clearly developed the general fact that the conversation appellant claimed to have had in the barnyard was participated in by both of the Rundles. Appellant contended appellee had waived the incompetency rule by his cross-examination and that therefore appellant was entitled to relate the entire conversation between himself and the deceased relative to the payment and credit endorsement on the note. The court did not construe the cross-examination as a waiver of the incompetency rule and stated it was evident that all the cross-examination attempted to show was that all three men participated in the conversation and that the direction of the deceased to his son to pay appellant five dollars was a part of that entire conversation. The court thereupon sustained appellee's objection to any conversation with the deceased bearing upon the note.

In view of the conclusion we are obliged to reach it is really unnecessary to discuss the testimony of L. M. Rundle. We merely pause to observe that he, in substance, testified:

His father was not in the barnyard at all but was ill and in the house; to his knowledge appellant never talked with his father that day; appellant did not ask to see his father; he did not know that was the last day on the .note and he did not remember appellant saying anything to him about bringing suit that day unless he received a payment; appellant asked him for a payment and he told

him he could not make it; he did not pay appellant a dime at that time.

Judgment was rendered in favor of defendant on July 31, 1943. Appellant's motion for a new trial was not filed within three days after the rendition of judgment on July 31, 1943, but was filed August 5, 1943. On September 27, 1943, appellant moved for partial conclusions of fact. Appellee moved to have both of appellant's motions stricken from the files and also moved to strike portions of the conclusions of fact made by the court on November 12, 1943. Appellee's motions were all overruled as was also appellant's motion for a new trial. Appellant appealed from the judgment of July 31, 1943, and later appealed also from the partial conclusions of fact and the order of January 8, 1944, overruling his motion for a new trial.

In the partial conclusions of fact the trial court found the facts substantially as testified to by appellant. The court found that the deceased signed the note as a surety and that all three men engaged in the conversation relative to the note. The court conceded there might be some question about the admissibility of the conversation but stated *"assuming* the testimony is competent" that:

"What A. M. Rundle said to his son was advisory as to what it was best for the son to do, but, in any event the Court is unable to conclude that the payment of the five dollars was made under such circumstances as to toll the statute so far as the estate of A. M. Rundle, deceased, is concerned."

Appellant insists that the findings required a judgment in his favor as a matter of law. In the first place it will be observed this was not an unqualified but a conditional finding. The finding was made only on the condition that it be assumed appellant was a competent witness to testify in his own behalf with respect to the conversation or transaction which he had with the deceased.

Appellee, of course, first insists appellant was not a competent witness and that his testimony was properly excluded when it developed on cross-examination that all three parties had participated in the conversation. Appellee contends that without that testimony there was no competent evidence of a payment which tolled the statute and hence the action is barred. He cites numerous of our authorities in support of his contention touching the incompetency of appellant as a witness.

In view of the record before us it is immaterial whether appellant's testimony was properly excluded or not. If his testimony was improperly excluded the ruling was a trial error and a timely

motion for a new trial was necessary to render the alleged error reviewable. The motion for a new trial had to be filed within three days after the rendition of the judgment. (G. S. 1935, 60-3003.) It clearly was not filed in time. The result is that on appeal we must treat the testimony as properly excluded. Without that testimony there is no evidence of payment which would toll the statute and the action is barred. On appeal we therefore need not determine the further question whether the conclusion reached by the trial court would have been correct as a matter of law if appellant had been a competent witness.

What heretofore has been said, of course, requires an affirmance of the judgment. We, however, pause to observe that appellant argues on appeal just as though appellant's testimony concerning the conversation, in which the trial court found the deceased participated, was not excluded by the trial court. The impression we get from the record before us is that the trial court, after the cross-examination of appellant, intended to hold appellant was not a competent witness. In any event he was not a competent witness. (*In re Estate of Badger*, 156 Kan. 734, 137 P. 2d 198, and cases therein cited.) The numerous cases reviewed so recently in the Badger case make it unnecessary to cover that ground again. We have examined the cases cited by appellant but they do not require a contrary conclusion.

The judgment is affirmed.