No. 38,308

Harold M. Kendall, Incompetent, by Orval Kendall, his guardian, *Appellee*, v. Ted L. Kendall and Larry W. Kendall, a minor, *Appellants*.

(231 P. 2d 212)

Opinion filed May 12, 1951.

*John E. Wheeler*, of Marion, argued the cause, and *W. E. Hembrow*, and *Thomas S. Mackie*, both of Council Grove, were with him on the briefs for the appellants.

*Hal E. Harlan*, of Manhattan, argued the cause, and *Harry M. Tompkins*, of Council Grove, and *A. M. Johnston*, of Manhattan, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This appeal is from an order of the trial court overruling appellants' demurrer to appellee's petition in an action to recover possession of certain real property and to quiet title thereto.

In the first cause of action the petition alleges that plaintiff is an incompetent person and that Orval Kendall has been his legal guardian since March 25, 1949; that the plaintiff has been an incompetent person since November 27, 1915, when his grandfather W. M. Walter executed a general warranty deed conveying the land in question to him; that at that time he had no legal guardian but thereafter on March 8, 1929, his mother, Ethel Kendall, was duly appointed his guardian and remained his legal guardian until her death on November 25, 1948; that about the year 1932 said deed was duly delivered by the grantor to plaintiff's then guardian, Ethel Kendall, for the use and benefit of plaintiff; that said warranty deed was thereafter lost or destroyed and so could not be attached to the petition; that the grantor W. M. Walter had, on the same date he executed the deed to plaintiff, executed other deeds identical

with plaintiff's deed except as to grantees and the descriptions of property conveyed—a copy of one of these deeds being attached to the petition; that upon delivery of the deed to plaintiff's then guardian as alleged, plaintiff acquired fee simple title to the land in question, and that title has not since been conveyed by him or anyone else on his behalf; that on June 20, 1944, Ethel Kendall in her individual capacity executed a deed covering the land in question to the defendants, a copy of this deed also being attached to the petition; and defendants recorded their deed on June 4, 1949. The petition alleges further that such deed was a nullity because Ethel Kendall, though in possession of the described land, held it for the use and benefit of plaintiff as his legal guardian, and had no right therein in her individual capacity; that such deed constitutes a cloud on plaintiff's title, and that the same should be set aside.

In his second cause of action, plaintiff asks for immediate possession of the land in question, wrongfully withheld from him by the defendants.

In the third cause of action, plaintiff asks that his title be quieted to the land in controversy.

Defendants' demurrer to plaintiff's petition specified the following grounds: (1) That the court has no jurisdiction of the person of the defendant or the subject of the action; (2) That the petition does not state facts sufficient to constitute a cause of action; (3) That there is a misjoinder of parties defendant in the first, second and third causes of action; and (4) That said pretended causes of action alleged in plaintiff's petition are barred by the statutes of limitations.

Defendant's first, second and fourth grounds of demurrer go to the jurisdiction of the trial court to hear and determine plaintiff's cause of action, and contend that inasmuch as the petition shows that the property described therein came into their possession by a warranty deed from Ethel Kendall, plaintiff's claim if he has one, is against the estate of Ethel Kendall, and therefore, since the trial court would have no original jurisdiction of a claim against an estate (G. S. 1949, 59-2239) and since the time within which such a claim could be filed against the estate of Ethel Kendall has passed, the demurrer should have been sustained.

Plaintiff makes no claim that Ethel Kendall, as guardian or otherwise, held this land in trust for plaintiff. Plaintiff claims title to

the land by virtue of a deed from his Grandfather Walter executed November 27, 1915, and delivered to plaintiff's then guardian, Ethel Kendall, in 1932. The guardian was not named as a grantee in the deed from W. M. Walter, either in her individual capacity or as guardian or trustee for plaintiff. It is not claimed that the guardian was anything more than a mere custodian of the warranty deed delivered to her in 1932 for the use and benefit of the plaintiff. Taking the allegations of the petition as true for the purpose of testing the sufficiency of the demurrer, we have this situation: Plaintiff owned the land described in the petition, having acquired it by warranty deed from his grandfather, and neither plaintiff nor anyone on his behalf has ever disposed of his interest in the land. This is simply a suit by plaintiff, claiming that he is the owner of the real estate described and has had title thereto for approximately twenty years, against the defendants for possession, and to quiet title in plaintiff against defendants' claim of ownership under a deed from Ethel Kendall. If the plaintiff's position is sound and is established by the evidence, his ownership of the land in controversy will be determined, and by reason thereof defendants' claimed title would fall because Ethel Kendall, having no title to the land, could convey nothing to defendants. In any event, there would be no liability against her estate, and none has been sought in this action.

Defendants contend that plaintiff's action is barred by G. S. 1949, 59-2239, because he did not present a claim against the estate of Ethel Kendall within the stated nine-months period for allowance of claims. Since plaintiff does not claim title to this land as an heir of Ethel Kendall, by virtue of any contractual relationship with her, or on the theory that she held the title in trust for the plaintiff, it seems clear that this action attempts neither to take from nor add to the estate of Ethel Kendall, and as a consequence, the probate court would have no jurisdiction over the subject matter of the action. This is nothing more than an action in ejectment and to quiet title in the plaintiff as against the claim of the defendants under a deed executed by Ethel Kendall as grantor in her individual capacity attempting to convey property in which she had no interest, which deed casts a cloud upon the plaintiff's title.

An examination of the mentioned statute and the authorities cited by defendants pertaining to the jurisdiction of the probate court in actions involving claims against an estate have no appli-

cation here. In the instant case the plaintiff has lost nothing through any default of his former guardian, Ethel Kendall, and was not required to proceed against her estate to recover the land in question, as she neither held title to it as guardian for plaintiff nor alienated it as such guardian.

Appellants further contend that the demurrer should have been sustained because of misjoinder of causes of action. It is noted from the record that this was not a ground set forth in their demurrer to the petition, nor was it presented to the trial court. We have repeatedly held that where it does not affirmatively appear that a question raised on appeal was presented to and determined by the trial court, this court does not consider it on review. (*Anderson v. Shannon*, 146 Kan. 704, 73 P. 2d 5; *Lish v. Wehmeyer*, 158 Kan. 339, 344, 147 P. 2d 712; *Lechleitner v. Cummings*, 159 Kan. 171, 152 P. 2d 843.)

In view of what has been said, the judgment of the lower court is affirmed.