No. 38,547

KATHLEEN HOLTON, *Appellee,* v. FRANK E. HOLTON, *Appellant.*

(243 P. 2d 222)

Opinion filed April 12, 1952.

*Frederick L. Hall* of Dodge City, and *Donald C. Smith,* also of Dodge City, were on the briefs for the appellant.

*E. C. Minner,* of Dodge City, and *Harry A. Waite,* also of Dodge City, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a part of the judgment rendered in a divorce action. Plaintiff-appellee filed an action for

divorce and asked that the property of plaintiff and defendant be equitably divided. Thereafter defendant-appellant filed his answer and cross petition in which he denied generally the allegations of plaintiff's petition and prayed for a divorce and an equitable division of the property accumulated during the marriage relation. Trial was had on November 10, 1950, and a divorce was granted plaintiff by reason of the fault of defendant, from which judgment there was no appeal, and the cause was continued for the purpose of determining the division of property. Trial was resumed on June 1, 1951. The parties stipulated as to the value of real and personal property owned by the parties. At this hearing, on application of plaintiff and over objections of defendant, the court permitted plaintiff to file a supplemental petition asking for permanent alimony as well as a division of the property. After hearing evidence as to property owned by the parties and accumulated during the marriage relation, the court took said cause under advisement. Three days later, on June 4, 1951, a journal entry of judgment was filed showing that the divorce was granted as of November 10, 1950, and that the court on June 1, 1951, awarded plaintiff some household furniture and a one-half interest in 320 acres of land in Meade county, and awarded to defendant all the remainder of the property, both real and personal, consisting of farms, city property and cattle. From the latter portion of the court's order of judgment, defendant has appealed to this court asserting three specifications of error: (1) In permitting plaintiff to file an amended petition asking for permanent alimony after the evidence had been submitted; (2) in allowing plaintiff permanent alimony and not limiting it to a fair and equitable division of the property; and (3) in allowing plaintiff as permanent alimony the interest in the Meade county farm.

At the outset, this court has difficulty in finding anything in the record for review. Defendant concedes in this court that his complaints were all trial errors and that he realizes he did not file a motion for a new trial. G. S. 1949, 60-3001 provides that a new trial is a re-examination in the same court of an issue of fact after a decision by the court. G. S. 1949, 60-3003 provides that an application for a new trial must be made by written motion stating the grounds thereof and filed within three days after the decision is rendered unless unavoidably prevented. It has been decided many times by this court that, absent motion for new trial, mere trial

errors are not open to appellate review. Many of our cases are set forth in *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105, and again in *Brown v. Brown,* 146 Kan. 7, 68 P. 2d 1105, and *In re Estate of Rundle,* 158 Kan. 682, 149 P. 2d 337. The mentioned rule has been reiterated in the very recent case of *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553. Trial errors include among other things abuse of discretion by the court, misconduct of the parties, not being afforded a reasonable opportunity to be heard on the merits of the cause, erroneous rulings of the court, decision given under influence of passion and prejudice, granting permission to file amended pleadings, misconduct of court or counsel, decision in whole or in part contrary to the evidence, and the general miscellaneous irregularities of procedure and practice for which new trials may be granted by the trial court on timely motion of the defeated litigant.

Defendant-appellant recognized the foregoing to be the rule of this court, but his contention is that the action was finally submitted to the court on June 1, 1951; that the court took the same under advisement and later rendered judgment and the journal entry of judgment was filed of record on June 4, 1951, without notice to counsel for defendant, in violation of Rule 47 of this court (169 Kan. XVIII) which provides that when any matter or cause is submitted to the court and taken under advisement, the court at the time of deciding same shall notify counsel of record in such time and manner as will enable counsel to take the necessary steps under the statute to protect their rights for review or otherwise. Defendant further contends that we should now consider the specifications of error in the absence of a motion for new trial for the reason that he had no knowledge of the judgment in this action until after the three-day limitation (G. S. 1949, 60-3003) for filing of same had passed and that he was unavoidably prevented from filing his motion for a new trial within that period of time. The trouble with defendant's contention is that the record does not bear out these facts other than his statement contained in the abstract and brief and unapproved journal entry. There is nothing in the record proper to indicate to this court that the defendant was not notified of the court's decision or the filing of the journal entry of judgment. But even accepting the statement of counsel for defendant as correct that the court's decision and the filing of the journal entry of judgment were without notice to him until after

the three-day period had passed, the defendant then filed no petition or motion in the court below to vacate or set aside its judgment or to extend his time to file a motion for new trial, nor asked the court to consider a belated motion for new trial on the ground he was unavoidably prevented from filing such motion within the statutory period.

In the case of *Carnine v. Bacon*, 131 Kan. 643, 293 Pac. 392, we were confronted with a somewhat similar problem and there considered a belated motion for new trial which was filed seven days after judgment was rendered by the trial court. However, in justification of the failure to file within the three days prescribed by statute, the appellant showed the judgment was entered without previous notice to appellant or her attorney. In discussing G. S. 1949, 60-3003, and Rule 47 (then Rule 30) of the Supreme Court (169 Kan. XVIII), Justice Jochems speaking for this court stated:

"Since the code did not make any positive provision as to notice in a situation where the case has been taken under advisement and retained by the trial court for some time, this court deemed it advisable to make a rule covering such situations. The ruling does not contravene the positive provision of any statute for the reason that there is no statute relating to the subject of notice of rendition of judgment in cases taken under advisement. . The purpose of the code was to devise a system of procedure by which justice could be more adequately rendered and technicalities brushed aside. It was a progressive step intended to improve procedure and to better enable the courts to carry out their functions so as to do justice to all parties as nearly as may be. In adopting rule 30 this court recognized the fact that in instances where the trial court has taken a case under advisement and held it for a long time and then rendered judgment without any notice to the parties, it is impossible for attorneys to protect their clients by filing a motion within the time prescribed by R. S. 60-3003. In such cases positive injustice has been done litigants through no fault of their own or that of their attorneys. In order to rectify this situation and to safeguard the rights of litigants the supreme court very wisely adopted rule 30, and we hold, therefore, that under the circumstances in this case the motion for new trial was filed in time."

In the instant case no motion for a new trial was ever filed, the facts as related by counsel for defendant insofar as the record discloses were never called to the attention of the trial court and the trial errors here complained of were never presented to the trial court.

The very purpose of a motion for a new trial is to give the trial court an opportunity to re-examine rulings made in the course of the trial and to correct any errors in the proceedings, so that the parties may avoid the trouble and expense of having them cor-

rected on appeal. (*Collins v. Morris*, 97 Kan. 264, 155 Pac. 51; *Brock v. Corbin*, 94 Kan. 542, 146 Pac. 1150; *Rierson v. Southern Kansas Stage Lines Co.*, 146 Kan. 30, 69 P. 2d 1).

We have repeatedly held that where it does not affirmatively appear that a question raised on appeal was presented to and determined by the trial court, this court does not consider it on review. (*Kendall v. Kendall*, 171 Kan. 222, 225, 231 P. 2d 212; *Anderson v. Shannon*, 146 Kan. 704, 73 P. 2d 5; *Lish v. Wehmeyer*, 158 Kan. 339, 147 P. 2d 712; *Brick v. Fire Insurance Co.*, 117 Kan. 44, 230 Pac. 309.)

In the instant case it is manifest that the trial court had no opportunity to reconsider or correct any objections or errors here complained of which might have been assigned as grounds for a new trial and they cannot be considered here for the first time.

The judgment of the trial court is affirmed.

SMITH, J., not participating.